James G. LaCHANCE, Deborah A. La-Chance, Mark A. Welsh, Jr., Margaret Welsh, Aubrey C. Edinburgh, and Margaret M. Edinburgh, Appellants,

v.

O.B. McKOWN, Jr., 1826 Associates, Ltd. and O.B. McKown, Jr. & Associates, Ltd., Appellees.

No. 9082.

Court of Appeals of Texas, Texarkana.

Feb. 8, 1983.

Rehearing Denied March 8, 1983.

Peter M. Kreisner, Kreisner & Howard, Austin, for appellants.

Samuel D. McDaniel, McDaniel & Travis, Austin, for appellees.

CORNELIUS, Chief Justice.

Appellants purchased lots from appellees in a real estate development, and later brought suit alleging appellees had breached certain restrictive covenants and had made false representations concerning the development. Suit was brought under the Deceptive Trade Practices Act, Tex.Bus. & Com.Code Ann. § 17.41 et seq. (Vernon Supp.1982–1983); the Real Estate Fraud Act, Tex.Bus. & Com.Code Ann. § 27.01 (Vernon 1968); and Tex.Rev.Civ.Stat.Ann. art. 1293b (Vernon 1980), pertaining to breach of restrictive covenants. A jury answered all issues in appellees' favor and found the suit was brought in bad faith and for the purpose of harassment. A take nothing judgment was rendered against appellants, and they were ordered to pay appellees' attorney's fees in the sum of $20,-000.00 pursuant to Tex.Bus. & Com.Code

Ann. § 17.50(c) (Vernon 1979)[1]. Appellants assign thirty-three points of error. We overrule all of them except those concerning attorney's fees, and will modify and affirm the judgment.

The real estate consisted of 369.96 acres. A portion of it was owned by 1826 Associates, a limited partnership with O.B. McKown, Jr. as general partner and O.B. McKown, Sr. as limited partner. The remainder of the land, some 82.01 acres, was owned by O.B. McKown, Jr. and Associates, a limited partnership of which O.B. McKown, Jr. is general partner and thirty-two American former prisoners of war in the Viet Nam conflict are limited partners. The lots appellants purchased from 1826 Associates were subject to certain restrictions, one of which required detached single family dwellings on land at least one and one-half acres in size. The 82.01 acres owned by O.B. McKown, Jr. and Associates was not subject to legal restrictions, and the developer inaugurated a planned unit development which was not limited as was the other land. Appellants alleged that appellees represented to them that the entire 369.96 acre tract would be subject to a common development plan and would be restricted the same as their lots, and that the planned unit development applicable to the 82.01 remaining acres violated those restrictions by allowing smaller lots. They also alleged that appellees were placing evapotranspiration beds at various locations on the 1826 Associates land as part of a septic system and that such action violated the restrictions. The jury failed to find that representations had been made or that any restriction had been violated.

Appellants first contend that the trial court erred in refusing to hold that O.B. McKown, Jr. was judicially estopped to deny that the entire 369.96 acre tract was covered by the restrictions because he had testified to the contrary in a previous lawsuit. In the earlier suit McKown sued Phillips Petroleum Company for damage to a portion of the land. In that case McKown was testifying to the potential value of his land, and he stated that some of it was not then covered by legal restrictions, but it was his intention that all of the land would be restricted and that no land would be sold without restrictions.

▮ Judicial estoppel may arise when a person has taken a position or asserted a fact under oath in a judicial proceeding contrary to a position he is taking in the present litigation. *Long v. Knox*, 155 Tex. 581, 291 S.W.2d 292 (1956); *Moore v. Neff*, 629 S.W.2d 827 (Tex.App.—Houston [14th Dist.] 1982, no writ); *Aetna Life Ins. Co. v. Wells*, 557 S.W.2d 144 (Tex.Civ.App.—San Antonio 1977), *affirmed*, 566 S.W.2d 900 (Tex.1978); *Van Deusen v. Connecticut General Life Ins. Co.*, 514 S.W.2d 951 (Tex. Civ.App.—Fort Worth 1974, no writ); *Yarber v. Pennell*, 443 S.W.2d 382 (Tex.Civ. App.—Dallas 1969, writ ref'd n.r.e.). The rule's purpose is to suppress fraud and prevent abuse of the judicial process by deliberate shifting of positions to suit the exigencies of a particular action, and it will not be applied when the previous act or statement is uncertain or based on undetermined facts, but only when it is clear and certain. *Bocanegra v. Aetna Life Ins. Co.*, 605 S.W.2d 848 (Tex.1980); *Moore v. Neff*, supra. We do not believe the prior testimony of Mr. McKown comes within the rule. It was a statement of his intention concerning future actions; not such a certain, unequivocal statement of an existing fact as brings it within the purpose of the rule, i.e. to prevent dishonest, unconscionable manipulation of the legal process for unfair advantage. Intention can be true when expressed but can change due to differing circumstances.

▮ Appellants next argue that the trial court should have found, as an omitted issue, that appellees breached the restrictive covenants. In its answer to a cluster of issues the jury found that O.B. McKown, Jr. represented that the property owned by

---

**1.** "(c) On a finding by the court that an action under this section was groundless and brought in bad faith, or for the purpose of harassment, the court may award to the defendant reasonable attorney's fees in relation to the amount of work expended, and court costs."

1826 Associates would be developed according to a general development plan, and that appellants relied upon the representations and were thereby induced to purchase their lots. No issue was requested or submitted on whether the representations had been breached, and no objection was made to the omission of such an issue. Appellants seem to be saying that since it was undisputed that 1826 Associates sold McKown & Associates a 3.36 acre plot of ground for an evapotranspiration bed, a breach of the representations was shown conclusively, or should at least have been found by the court as an omitted issue. We cannot agree. The existence of a septic system evapotranspiration bed did not constitute, as a matter of law, a breach of the restrictions or of the common development plan, and there was evidence that such a bed was not offensive and did not detract from the property's value. When one element of a ground of recovery referable to other elements is omitted from a cluster of those elements without a request for its submission or an objection, a jury trial is waived on that element and, absent a finding by the trial judge, it will be presumed to have been found in support of the judgment if there is evidence to support it. Tex.R. Civ.P. 279; *Harmes v. Arklatex Corp.,* 615 S.W.2d 177 (Tex.1981). As the trial court awarded no recovery to appellants, we presume it found there was no breach of the representations or of the common development plan.

Appellants also urge that the jury's failure to find that any representation was made is against the great weight and preponderance of the evidence. *Traylor v. Goulding,* 497 S.W.2d 944 (Tex.1973). We disagree. The testimony was conflicting. Appellants' witnesses testified they were told or got the impression that the 82.01 acres owned by McKown & Associates would be restricted or would not be developed in a way to injure any of their property. However, other lot purchasers and other witnesses for the appellees testified that no such representations were made and that they did not get the impression that the 82.01 acres would be similarly restricted.

Mr. McKown and his wife testified that no restriction was applicable to the 82.01 acres, and specifically denied that they made any representation to the contrary. There was strong evidence on both sides and we cannot conclude that the jury's answers are against the great weight and preponderance of the evidence.

Appellants challenge appellees' recovery of attorney's fees. For attorney's fees to be awarded to the defendants under Section 17.50(c) of the Deceptive Trade Practices Act, the jury must find that the suit was brought in bad faith, or for the purpose of harassment, and the court must then conclude upon such findings that the suit was groundless. *Computer Business Services, Inc. v. West,* 627 S.W.2d 759 (Tex. Civ.App.—Tyler 1981, writ ref'd n.r.e.); *Genico Distributors v. First Nat. Bank,* 616 S.W.2d 418 (Tex.Civ.App.—Texarkana 1981, writ ref'd n.r.e.). Those findings were made in this case, but we find the evidence insufficient to support them. There is no direct evidence of bad faith or of a purpose to harass, and we find the circumstantial evidence of such facts insufficient to support the verdict. Moreover, the trial court's conclusion that the suit was groundless is not supported by the record. The term "groundless" as used in the Act cannot mean simply that the plaintiffs failed to recover; it must mean there was no arguable basis for their cause of action. That was not the case here. Had the jury believed the testimony of appellants' witnesses, they would have had a valid claim for legal relief. A suit does not become legally groundless merely because plaintiffs fail to convince the jury of the truth of their allegations. The judgment will be modified to delete the award of attorney's fees.

Appellants also argue that certain instances of jury misconduct require reversal. The motion for new trial alleged that in their deliberations some jurors expressed the opinion that a person could develop his land as he saw fit, and that restrictions could not be enforced unless they were in writing; some stated that oral representa-

tions relating to land were unenforceable; some of the jurors said they had septic systems and they worked well; and that sympathy was expressed for former prisoners of war. The trial court conducted a hearing on the motion for new trial and the evidence was conflicting on most of the alleged grounds of misconduct. Those which were proved were more of the nature of casual conversation which was not shown to have adversely affected appellants. We conclude that appellants failed to show that the alleged misconduct was harmful.

Our disposition of the foregoing points of error renders appellants' other points and appellees' cross-point irrelevant. The judgment is modified to eliminate the award of attorney's fees. As modified it is affirmed.