**C.S.R., INC. and United States Fidelity and Guaranty Life, Appellants,**

v.

**INDUSTRIAL MECHANICAL, INC., Appellee.**

No. 13–84–344–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 19, 1985.

Rehearing Denied Oct. 31, 1985.

Russell McMains, Corpus Christi, Daniel Rutherford, San Antonio, for appellants.

Richard Hayes, Denton, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from a judgment entered in a suit involving a contract dispute. Suit was initially filed by Mobile Crane, Incorporated against appellants for nonpayment for work performed by Mobile as a subcontractor to appellant, C.S.R. Appellant, U.S. Fidelity, as surety on C.S.R.'s performance bond, was named as a defendant in this suit. Mobile Crane's claim against appellants was eventually severed out of this cause of action.

Appellants answered Mobile's petition by way of a general denial. They also brought a cross-action against appellee and two additional cross-defendants. In their cross-action appellants alleged that C.S.R. had entered into a contract for the construction of three (3) microwave towers. C.S.R. thereafter contracted with appellee, at a cost of $255,763.00, for the prefabrication of component parts for the microwave towers. As part of this action, appellants asserted a D.T.P.A.[1] claim in which they alleged that appellee had misfabricated many of the component parts and thereby caused C.S.R. to incur additional expenses. Appellants sought recovery of both damages and attorneys' fees based upon a breach of warranty and a failure by appellee to fabricate the microwave components in a good and workmanlike manner.

Appellee filed a cross-action which, in part, sought recovery from appellant, U.S. Fidelity, as surety on the performance bond, for indebtedness under appellee's contract with C.S.R. Appellee also filed an amended answer wherein it asserted that C.S.R.'s D.T.P.A. cause of action against it was both groundless and brought in bad faith, therefore making appellants liable to appellee for attorneys' fees pursuant to § 17.50(g) of the D.T.P.A.

The trial court granted a directed verdict against appellants on their D.T.P.A. and breach of warranty causes of action. Based upon its directed verdict and the jury's answers to special issues discussed hereafter, the trial court entered judgment for appellee both for damages and attorneys' fees. We reverse.

In their first four points of error, appellants contend that there is an irreconcilable conflict between the jury's answers to the first three special issues and their answer to special issue number six. We do not find such a conflict to exist. In response to the first three issues, the jury found that appellee 1) failed to deliver microwave components on the dates agreed; 2) misfabricated microwave components; and 3) such late delivery and/or misfabrication caused damage to appellant. By their answer to special issue number six, the jury found that appellee substantially performed its contract with appellant.

In the case of an alleged conflict, the reviewing court must consider each of the answers claimed to be in conflict and, disregarding the alleged conflicting answer, but taking into consideration all of the rest of the verdict, if one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. *Little Rock Furniture Manufacturing Co. v. Dunn*, 222 S.W.2d 985 (Tex.1949), *qualified by Bradford v. Arhelger*, 340 S.W.2d 772 (Tex.1960). However, "[w]here the jury findings are reasonably susceptible of two constructions, one of which would reconcile the findings in favor of the judgment, such reconciliation is mandatory in favor of the judgment that was rendered on the jury verdict." *Godde v. Wood*, 509 S.W.2d 435, 442 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.).

---

1. TEX.REV.CIV.STAT.ANN. art. 17.41 et seq.   (Vernon Supp.1985).

The trial court defined substantial performance as:

One "substantially performs" a contract when there has been no willful departure from the terms of the contract, and no omission in essential points, and the contract has been honestly and faithfully performed in its material and substantial particulars, and the only variance from the strict and literal performance consists of technical or unimportant omissions or defects.

In construing building and construction contracts, where substantial performance of a contract is at issue, the measure of recovery is the contract price less the cost of completing or repairing the building to contract specifications. *Warren v. Denison,* 563 S.W.2d 299, 309 (Tex.Civ.App.—Amarillo 1978, no writ). *See Hunter v. State,* 570 S.W.2d 590 (Tex.Civ.App.—Waco, 1978, no writ); *Ryan v. Thurmond,* 481 S.W.2d 199 (Tex.Civ.App.—Corpus Christi 1972, writ ref'd n.r.e.). The jury found that $13,614.21 would compensate C.S.R. for its damages for "the late delivery and/or misfabrication" by appellee of the microwave components. Appellants plead that the value of the contract between C.S.R. and appellee was $255,763.00.

We hold that the jury was entitled to find both that appellee substantially performed under the contract and that appellant C.S.R. was entitled to $13,614.21 as compensation for its damages for "completing or repairing" the components to contract specification. We find no irreconcilable conflict between special issues one, two and/or three and special issue six. Appellants' first four points of error are overruled.

Appellants next challenge the sufficiency of the evidence to support the jury's finding to special issue 6. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well established test set forth in *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *Allied Finance Company v. Garza,* 626 S.W.2d 120 (Tex.App.—Cor-

pus Christi 1981, writ ref'd n.r.e.); CALVERT, *No Evidence and Insufficient Evidence Points of Error,* 38 Tex.L.Rev. 361 (1960).

We have reviewed the record in its entirety and find the evidence sufficient to support the jury's finding. Appellants' fifth point of error is also overruled.

In their sixth and seventh points of error appellants assert that an irreconcilable conflict exists between the jury's answer to special issue 8 and their answers to special issues two and three. In their answer to issue eight, the jury failed to find that the components delivered by appellee were not merchantable and would not pass without objection in the trade. A finding that appellee misfabricated some of the microwave components does not per se establish that these misfabricated components were unfit for their intended purposes or that they were unmerchantable. In fact, evidence was presented that the allegedly defective components were either used as is or were modified so that they could be utilized in the construction of the towers. Again we find no irreconcilable conflict between the jury's answers to these special issues. Appellants' sixth and seventh points of error are overruled.

In their eighth point of error, appellants assert that the trial court erred in granting a directed verdict against appellants' D.T.P.A. and breach of warranty causes of action. In reviewing the granting of a directed verdict, an appellate court must consider all evidence in the light most favorable to the party against whom the instructed verdict was granted, and disregard all contrary evidence and inferences. All evidence supporting the non-movant's allegations must be accepted as true and only if there exists no fact issue left to be decided by the trier of fact will the verdict be allowed to stand. *Blaeser Development Corporation of Texas v. Aldridge,* 664 S.W.2d 830, 831 (Tex.Civ.App.—Corpus Christi 1984, no writ).

The record shows that the trial court granted the instructed verdict because it

felt that appellants had failed to offer any proof of damages.

■ Where an instructed verdict has been granted due to lack of proof as to damages, it is our duty to determine whether or not there exists any evidence of probative value that would support such an issue. *Xonu Intercontinental v. Stauffer Chemical*, 587 S.W.2d 757, 759 (Tex.Civ.App.—Corpus Christi 1979, no writ). In construction contract cases brought under the D.T.P.A., actual damages may be based upon the cost of repairs. *Heritage Housing Corporation v. Ferguson*, 674 S.W.2d 363, 366 (Tex.Civ.App.—Dallas 1984, writ ref'd n.r.e.). Evidence was presented that misfabricated components were delivered by appellee and that these components were either utilized as is or were altered so they could be used in construction of the microwave towers.

Robert Branson, the erector subcontractor for the three towers, testified that he submitted a "back charge" of $51,100 for extra work occasioned by him due appellee's misfabrication of the microwave components. Cesar Reyes, the owner of C.S.R., testified that C.S.R. owed Branson "[r]ight at $45,000" by reason of the "misfabrication and late delivery" of the microwave components. Since evidence was present in the record as to damages, the trial court could not grant a directed verdict based upon this aspect of the cause.

■ A directed verdict will be affirmed, despite the fact that the rationale assigned by the trial court for granting it was erroneous, provided it can be supported on another basis. *Hutson v. City of Houston*, 418 S.W.2d 911, 914 (Tex.Civ.App.—Houston [14th Dist.] 1967, no writ). In the case at bar appellants plead a cause of action and introduced some evidence on each of the elements of proof required to be established. Therefore, it was error for the trial court to grant a directed verdict on appellants' D.T.P.A. and breach of contract claims. *See Koenning v. Manco Corporation*, 521 S.W.2d 691 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e. at 531 S.W.2d 805).

■ Appellee maintains that the jury's answer to special issue number eight acts to cure any possible error occasioned by the trial court's granting of the directed verdict. We cannot say as a matter of law that the jury would have returned the same findings had appellants been given the opportunity to present their claims to the jury. The jury was made aware of the trial court's actions granting a directed verdict when, during testimony supporting attorney's fees, appellee's attorney stated: "The Judge has instructed you out on your Deceptive Trade Practice cause of action...." Appellants' eighth point of error is sustained.

Appellants contend in their ninth point of error that the evidence is insufficient to support the jury's answer to Special Issue No. 9 that the D.T.P.A. action was brought in bad faith. What effect, if any, the judge's action in not submitting substantive issues on the D.T.P.A. theory may have had on the jury's answer to the special issue on bad faith is uncertain. The sufficiency of the evidence to support this finding need not be reviewed because a determination will not be controlling in the disposition of this appeal. We therefore decline to address this point of error. TEX.R.CIV.P. 451.

■ Appellants' tenth point of error, that the trial court erred in its finding that C.S.R.'s D.T.P.A. action was groundless, should, however, be addressed. In determining whether an action is groundless, the trial court makes its decision based either on undisputed fact issues, law issues or jury findings. *Mader v. Aetna Casualty and Surety Company*, 683 S.W.2d 731, 734 (Tex.App.—Corpus Christi 1984, no writ). The term groundless means that there was no arguable basis for the cause of action. "A suit does not become legally groundless merely because [the] plaintiffs fail[ed] to convince the jury of the truth of their allegations." *LaChance v. McKown*, 649 S.W.2d 658, 661 (Tex.App.—Texarkana 1983, no writ). The case presented was not

groundless as a matter of law. Appellants' tenth point of error is sustained.

The judgment of the trial court is REVERSED and the cause REMANDED for a new trial.