**Ronald MacDONALD, Appellant,**

v.

**TEXACO, INC., Appellee.**

**No. 13–85–408–CV.**

Court of Appeals of Texas, Corpus Christi.

June 30, 1986.

Juergen Koetter, Victoria, for appellant.

J. Burke McCormick, Mitchell E. McKee, Houston, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

This is an appeal from a summary judgment granted to Texaco denying recovery to Ronald MacDonald on his Deceptive Trade Practices Act cause of action. We affirm.

This case arises out of a fire occurring at Ray Hajevandi's Texaco station in Victoria, Texas, which destroyed a van owned by MacDonald. MacDonald originally filed suit against Ray Hajevandi d/b/a Ray's Texaco ("Hajevandi"), alleging that the negligence of Hajevandi and Hajevandi's employees caused his damages. Ronald MacDonald has settled with Hajevandi, who was dismissed from this suit. In addition, MacDonald sued Texaco for violation of sections 17.46(b) 2, 3, 5, 7 and 9 of the Texas Deceptive Trade Practices Act ("DTPA"), TEX.BUS. & COM.CODE ANN. § 17.41–.63 (Vernon Supp.1986). MacDonald's theory of recovery against Texaco was that Texaco's national advertising, "You Can Trust Your Car to the Man Who Wears the Star," constituted a false, misleading, or deceptive act or practice, within the meaning of section 17.50(a)(1) of the DTPA, in that it induced appellant to have the fuel filter on his van replaced at Hajevandi's service station, where the van and its contents were destroyed due to the alleged negligence of Hajevandi's employee. Appellant did not assert a cause of action for negligence against Texaco. His sole contention is that Texaco's slogan is false because his car was destroyed while at a Texaco station, thus showing that he could not "trust his car to the man who wears the star." The trial court granted Texaco's motion for summary judgment, which argued that Texaco's advertising was not the producing cause of appellant's damages.

By three points of error, appellant challenges the propriety of the granting of summary judgment by the trial court. Appellant asserts that a genuine issue of material fact concerning producing cause between Texaco's advertising and his vehicle's destruction exists, which would preclude a summary judgment.

The controlling question on a motion for summary judgment is whether the summary judgment proof establishes as a matter of law that there is no fact issue as to one or more of the essential elements of the plaintiff's cause of action. *Zeller v. University Savings Association,* 580 S.W.2d 658 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Garcia v. Ray,* 556 S.W.2d 870 (Tex.Civ.App.—Corpus Christi 1977, writ dism'd); TEX.R.CIV.P. 166–A. In determining if a party is entitled to summary judgment and determining if there is a disputed material fact issue, the evidence is viewed in the light most favorable to the non-movant, and the evidence which tends to support the position of the nonmovant is accepted as true. *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589 (Tex.1975); *Cox v. Bancoklahoma Agri-Service Corp.,* 641 S.W.2d 400 (Tex.App.—Amarillo 1982, no writ).

In March, 1983, MacDonald intended to drive his van from Houston, Texas, to Mexico. Before he left Houston, MacDonald began experiencing trouble with the van, and he deduced that there was a problem with the fuel line. MacDonald purchased a new fuel filter from a Volkswagon dealership in Houston and started his trip to Mexico, intending to have the filter installed en route. When MacDonald arrived in Victoria, Texas, he determined that it was necessary to have his fuel filter installed.

In his deposition, MacDonald testified that he went to an Esso (Exxon) station where he purchased gas and asked the Exxon attendant if Exxon had a mechanic who could install the fuel filter. The Exxon station did not have a mechanic. In his answer to Texaco's interrogatories, MacDonald stated: "I asked if there was a service station open where there was a mechanic. I was told that the Texaco station did mechanical work, so I went to Rae's (sic) Texaco, knowing the Texaco reputation for good mechanical service."

At Hajevandi's station, a mechanic attempted to replace the fuel filter. MacDonald alleged that, due to the negligence of this mechanic, fuel from the line ignited and set the van and its contents on fire.

■ The elements of a DTPA claim which must be proved are that the plaintiff is a consumer, that the defendant has committed a false, misleading, or deceptive act or practice within the meaning of § 17.46 of the DTPA, and that such false, misleading, or deceptive act or practice constitutes a producing cause of the plaintiff's actual damages. *Miller v. Soliz,* 648 S.W.2d 734, 739 (Tex.App.—Corpus Christi 1983, no writ); TEX.BUS. & COM.CODE ANN. § 17.46 (Vernon Supp.1986).

The terms "producing cause" and "natural result" are synonymous. *Strong v. Aetna Casualty & Surety Co.,* 170 S.W.2d 786, 788 (Tex.Civ.App.—Dallas 1943, no writ). "Producing cause" has been defined as an "efficient, exciting, or contributing cause, which in a natural sequence, produced injuries or damages complained of." *Rourke v. Garza,* 530 S.W.2d 794, 801 (Tex.1975). *See Weitzel v. Barnes,* 691 S.W.2d 598 (Tex.1985).

■ MacDonald's admissions clearly establish that MacDonald was not drawn to Ray Hajevandi's Texaco station by any fond memories of Texaco advertising jingles. He stated in his interrogatory answers, "I asked if there was a service station open where there was a mechanic. I was told that the Texaco station did mechanical work...."

In his deposition Ronald MacDonald testified that he does not have a Texaco credit card and that he purchases gasoline where it is sold at the lowest price. He also stated that where he goes for mechanical services depends on where he is and what is available. When Ronald MacDonald arrived in Victoria, he went first to an Exxon station, purchased gasoline, and asked whether the Exxon mechanic could install his fuel filter. The Exxon attendant directed MacDonald to Ray Hajevandi's Texaco station. Furthermore, MacDonald admitted that he had not heard or been aware of any advertisement stating, "You Can Trust Your Car to the Man Who Wears the Star"

recently. Appellant's own testimony establishes that appellant did not go to the Texaco Station because of his faith in Texaco or their advertising, but because they had an available mechanic.

MacDonald admitted that Hajevandi's negligence was the cause of his damages. Although there may be more than one producing cause of damages in a deceptive trade practice case, here Texaco's advertising is not one of them. *See Rourke v. Garcia,* 530 S.W.2d at 801. We find no evidence that the slogan was a producing cause of the damage.

After reviewing the summary judgment evidence before this court, we find that the trial court did not err in granting a summary judgment in appellee's favor.

Appellant's three points of error are overruled, and the judgment of the trial court is affirmed.