**PRESTON II CHRYSLER–DODGE, INC., Appellant,**

v.

**Harvey E. DONWERTH and Dorothy E. Donwerth, Appellees.**

No. 05–86–00386–CV.

Court of Appeals of Texas, Dallas.

Aug. 4, 1987.

Rehearing Denied Sept. 15, 1987.

Kevin Cook, DeHay & Blanchard, Dallas, for appellant.

Allen Landerman, Landerman, Dunlap & Jacobs, Dallas, for appellees.

Before DEVANY, STEWART and ROWE, JJ.

## ON MOTION FOR REHEARING

ROWE, Justice.

Appellant's motion for rehearing is granted, and appellee's motion for rehearing is overruled. Our prior opinion of July 7, 1987, is withdrawn. The following is now our opinion.

Preston II Chrysler–Dodge (Preston II) filed suit for damages and an injunction against Harvey and Dorothy Donwerth (the Donwerths) alleging defamation and libel. The Donwerths counterclaimed for damages under the Deceptive Trade Practices Act (the DTPA), TEX.BUS. & COM.CODE ANN. §§ 17.41–.63 (Vernon Supp.1987), arising from their purchase of a used car from Preston II. Preston II appeals from the judgment rendered against it on its claim for damages and from the judgment in favor of the Donwerths on their DTPA counterclaim.

In eight points of error, Preston II contends: (1) and (2) that there is no or insufficient evidence to support the jury finding that Preston II represented that the used automobile was of a particular standard, quality, or grade when it was of another, (3) and (4) that there is no or insufficient evidence to support the jury finding of the difference in value between the automobile as purchased by the Donwerths and as represented by Preston II, (5) that there was irreconcilable conflict between the jury finding that the Donwerths' DTPA claim was groundless and brought in bad faith, and the jury finding that Preston II represented that the used automobile was of a particular standard, quality, or grade when it was of another, (6) that the trial court erred in disregarding the jury finding that the Donwerths' DTPA claim was ground-

less and brought in bad faith, (7) that the trial court erred in admitting evidence, over objection, of other sales by Preston II, and (8) that the jury finding that the Donwerths did not act with malice is against the great weight and preponderance of the evidence. In two cross-points, the Donwerths allege that the trial court erred in not awarding them the full amount of their damages and their attorney fees on appeal. We sustain Preston II's first point of error that there is no evidence to support the jury finding that Preston II represented that the automobile it sold to the Donwerths was of a particular standard, quality, or grade when it was of another. Because we agree with this contention, we need not address Preston II's points of error two, three, four, five, and seven. Because we have sustained Preston II's first point of error, we also sustain Preston II's sixth point of error regarding attorney fees. We need not address Preston II's point of error eight since it is conditioned on this case being remanded. In the absence of a cost bond and a transcript preserving any trial court error, the Donwerths have failed to perfect their cross-appeal. Therefore, the Donwerths' two cross-points, seeking affirmative relief, are dismissed for want of jurisdiction. Accordingly, we reverse and render judgment that the Donwerths take nothing and that Preston II recover attorney fees in the amount to which it was found entitled by the jury.

In its first point of error, Preston II alleges that there is no evidence to support the finding of the jury that Preston II represented that the used automobile it sold to the Donwerths was of a particular standard, quality, or grade when it was of another. In deciding a "no evidence" point of error, an appellate court must consider only the evidence and the inferences tending to support the jury's findings and disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Connecticut General Life Insurance Co. v. Stice*, 640 S.W.2d 955, 957 (Tex.App.—Dallas 1982, writ ref'd n.r.e.).

■ The Donwerths allege that Preston II misrepresented the quality of the car's brakes. The record reflects that the Donwerths purchased a used car from Preston II, and, prior to the sale, Harvey Donwerth (Harvey) got into the car and "mashed" on the brake pedal. It felt "spongy," and he commented that there was "something wrong" with the brakes. The salesman responded that he had used this car as his "personal car," that it was a "good car," and that there "wasn't anything wrong" with the brakes. After the salesman made this statement, Harvey drove the car, and the brakes worked properly. The brakes didn't squeal, and the car didn't pull to either side. Harvey did not make any visual inspection of the brakes at that time, and other than the spongy feel of the brakes, the record reflects that he had no personal knowledge that there was anything wrong with the brakes when he spoke with the salesman. Six months and 3200 miles later, the brakes required a complete overhaul. Applying the "no evidence" test, we conclude that there is no evidence from which the jury could have reasonably found that Preston II misrepresented the standard, quality, or grade of the brakes. While there is some evidence as to the quality of the car and its brakes, there is no evidence that the quality of the car or its brakes was other than as represented by the salesman. There is no evidence to link "spongy brakes" with poor quality or substandard brakes.

■ Next, the Donwerths allege that Preston II misrepresented that the odometer reading stated on the vehicle was its actual mileage. When a seller represents facts to a buyer, he is under a duty to know if his statements are true. *Pennington v. Singleton*, 606 S.W.2d 682, 689 (Tex. 1980); *Lone Star Ford, Inc. v. McGlashan*, 681 S.W.2d 720, 723 (Tex.App.—Houston 1984, no writ). However, Preston II did not represent to the Donwerths that the mileage on the vehicle was accurate, but its representation was that to the *"best of its knowledge* the odometer reading stated on the vehicle was its actual mileage." Preston II's statement is false only if it can be shown that Preston II knew that the odom-

eter reading was not accurate. Without establishing actual knowledge on the part of the seller, the statement that to the best of the seller's knowledge the odometer reading stated in the vehicle was the actual mileage is not a misrepresentation under the DTPA. *Nagy v. First National Gun Banque Corporation*, 684 S.W.2d 114, 116 (Tex.App.—Dallas 1984, writ ref'd n.r.e.); *see also Shepherd v. Eagle Lincoln Mercury, Inc.*, 536 S.W.2d 92, 95 (Tex.Civ.App.—Eastland 1976, no writ). There is no evidence in the record that Preston II knew the odometer had been rolled back.

Preston II's representation did not preclude the possibility that the odometer had been rolled back by a previous owner, nor were the Donwerths precluded from asserting a cause of action against such an owner. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540–41 (Tex.1981) (stating that privity of contract not required to qualify as consumer under DTPA). In fact, the Donwerths discovered that the odometer had been rolled back *before* Preston II purchased the car. Further, when Preston II purchased the car, the prior owner gave Preston II a mileage certificate which stated that to the "best of its knowledge the odometer reading stated in the vehicle was its actual mileage." TEX.BUS. & COM.CODE ANN. § 17.50B(a) (Vernon Supp.1987) states in pertinent part:

> In an action brought under Section 17.-50 of this subchapter, it is a defense to the award of any damages or attorney's fees if the defendant proves that *before consummation of the transaction* he gave reasonable and timely written notice to the plaintiff of the defendant's reliance on:
>
> \*   \*   \*   \*   \*   \*
>
> (2) written information relating to the particular goods or service in question obtained from another source if the information was false or inaccurate and the defendant did not know and could not reasonably have known of the falsity or inaccuracy of the information. (emphasis added)

The record reflects that Preston II did not rely on the prior owner's mileage certificate as a defense since it never gave timely written notice of the certificate to the Donwerths before the transaction. Instead, Preston II's defense is that their representation was accurate, since it stated that to the "best of its knowledge" the mileage was correct. There is no evidence that Preston II knew the odometer had been rolled back. Accordingly, appellant's first point of error is sustained.

■ In its sixth point of error, Preston II contends that the trial court erred in disregarding the jury finding that the Donwerths' DTPA claim was groundless and brought in bad faith, and in failing to award Preston II its reasonable and necessary attorney fees. We agree. The term "groundless" means that there is no arguable basis either in law or in fact for the cause of action. *C.S.R., Inc. v. Industrial Mechanical, Inc.*, 698 S.W.2d 213, 217 (Tex. App.—Corpus Christi 1985, writ refused n.r.e.); *LaChance v. McKown*, 649 S.W.2d 658, 661 (Tex.App.—Texarkana 1983, no writ). Because the Donwerths could come forward with no evidence to support a DTPA complaint against Preston II, their suit was without arguable basis in fact and, therefore, groundless as a matter of law.

■ The trial court disregarded the jury finding that the Donwerths' suit was groundless and brought in bad faith. Under the DTPA a determination of the issue of bad faith is usually for the jury, while the determination of the issue of groundlessness is for the court. *LaChance*, 649 S.W.2d at 661. Although the jury here was called upon to resolve the legal issue of groundlessness, submission of a question of law to a jury is harmless absent a showing of extraneous prejudice. *Heller v. Armstrong World Industries, Inc.*, 708 S.W.2d 18, 20 (Tex.App.—Dallas 1986, writ refused n.r.e.). The trial court also disregarded the jury finding that Preston II was entitled to $7000 as its reasonable and necessary attorney fees. Having determined, in point of error number one, that the Donwerths presented no evidence of a factual issue as to a misrepresentation on

the part of Preston II, and having held that the Donwerths' suit was, therefore, groundless as a matter of law, we agree that the trial court erred in disregarding the jury findings and in not awarding attorney fees. Accordingly, we sustain appellant's sixth point of error.

The judgment of the trial court is reversed. Judgment is rendered that the Donwerths take nothing and that Preston II recover attorney fees of $7000.