**D.W. KNEBEL, d/b/a Olde Towne Apartments, Appellant,**

v.

**PORT ENTERPRISES, INC., Appellee.**

No. 13–87–519–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 10, 1988.

Rehearing Denied Dec. 8, 1988.

O.F. Jones, III, Robert B. Whitaker, Victoria, for appellant.

Stephen Williams, Victoria, for appellee.

Before NYE, C.J., KENNEDY and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

Plaintiff-appellant, D.W. Knebel, d/b/a Olde Towne Apartments, sued defendant-appellee, Port Enterprises, Inc. (Port Enterprises) under the Texas Deceptive Trade Practices–Consumer Protection Act, and for breach of contract and breach of warranty. Appellee, Port Enterprises, filed a counter-claim against appellant, D.W. Knebel, alleging that his DTPA suit was brought in bad faith or for the purpose of harassment. The jury found that roofs installed by appellee, Port Enterprises, did not comply with the terms of an agreement between the parties, that the failure to comply with the agreement terms was not the producing cause of damages to appellant, D.W. Knebel, that appellee, Port Enterprises, did not violate the DTPA, that the roofs were fit for their intended purpose, and that appellee, Port Enterprises, made no express warranty that the roofs would be twenty-year roofs. The jury also found that appellant, D.W. Knebel, brought his suit in bad faith and awarded appellee, Port Enterprises, $7,000.00 in attorney's fees. The trial court found that appellant's/D.W. Knebel's, suit was groundless and entered judgment for appellee, Port Enterprises. By four points of error, appellant, D.W. Knebel, complains of legal and factual sufficiency of the evidence.

Appellant, D.W. Knebel, an engineer and owner, acted as a general contractor in the construction of his Olde Towne Apartments. This apartment complex consists of four apartment buildings, some side buildings, and a car port. Appellee, Port Enterprises, entered into a contract with appellant, Knebel, to install roofs on the buildings.

After the roofs were installed, five leaks appeared in the roofs on two of the four apartment buildings. The first appeared on December 30, 1981, and the fifth appeared on January 16, 1984. Appellee, Port Enterprises, repaired all the leaks in the roofs free of charge even though they occurred after the one-year guarantee expired. In March of 1984, a hailstorm pelted the complex with hail one-half inch in diameter for about an hour. Appellant, D.W. Knebel, then had a vinyl coating applied to the roofs. He continued to have more

problems with the roofs and in February of 1986, he had new roofs installed on all the structures at the complex. The replacement cost was approximately $15,000.00.

Appellant's/D.W. Knebel's first amended original petition states that these roofs were supposed to be guaranteed for twenty years. This petition also states that the roofs were completed about January 1, 1979, and that suit was filed against appellee, Port Enterprises, in January of 1986. Appellant, D.W. Knebel, states in his petition that he is entitled to recover from appellee, Port Enterprises, thirteen-twentieths of the replacement cost. This proportion is equivalent to the number of years remaining on the alleged twenty-year warranty at the time suit was filed.

Appellant's/D.W. Knebel's points of error raise both "no evidence" points and "insufficient evidence" points. In considering these points of error, we will follow the well established test set forth in Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

By his first point of error, appellant, D.W. Knebel, argues that the trial court erred in entering judgment for appellee, Port Enterprises, because no evidence supported the submission of the bad faith issue, and the finding that appellant's/D.W. Knebel's suit was brought in bad faith is not supported by any evidence, is against the great weight and preponderance of the evidence, and the undisputed evidence established that there was no bad faith as a matter of law.

The agreement entered into between the parties required appellee, Port Enterprises, to install three-ply, twenty-year, tar and gravel roofs on the flat areas of the apartment complex. The agreement specified that the roofs were to consist of one thirty pound asphalt felt layer and two fifteen pound asphalt felt layers. The evidence shows, however, that appellee, Port Enterprises, installed a four-ply, twenty-year, asphalt and gravel roof on the flat areas. The company also applied a forty-three pound base sheet covered by three fifteen pound perforated felt layers which they contended was a better roof than the contract required.

In order to maintain a successful cause of action under the DTPA, appellant, D.W. Knebel, had to prove that he was a consumer, that appellee, Port Enterprises, had committed a false, misleading, or deceptive act or practice within the meaning of § 17.46 of the DTPA, and that this false, misleading, or deceptive act or practice constituted a producing cause of his actual damages. *See MacDonald v. Texaco, Inc.*, 713 S.W.2d 203, 205 (Tex.App.—Corpus Christi 1986, no writ); *Miller v. Soliz*, 648 S.W.2d 734, 739 (Tex.App.—Corpus Christi 1983, no writ); Tex.Bus. & Com.Code Ann. § 17.50 (Vernon 1987).

■ Producing cause is defined as an efficient, exciting, or contributing cause, which in a natural sequence, produces the complained of injuries or damages. *MacDonald*, 713 S.W.2d at 205.

■ The evidence is clear that appellant, D.W. Knebel, did not receive the roof which he and appellee, Port Enterprises, agreed upon. However, the jury found that appellee's/Port Enterprises' failure to comply with the agreement was not a producing cause of his alleged damages. This determination by the jury prevents appellant, D.W. Knebel, from recovering any actual damages under the DTPA. *See MacDonald*, 713 S.W.2d at 205–06.

■ Since appellee, Port Enterprises, prevailed on the DTPA claim, it could have been awarded attorney's fees if the claim was shown to be groundless and brought in bad faith or for the purposes of harrassment. Tex.Bus. & Com.Code Code Ann. § 17.50(c) (Vernon 1987).

■ In order to show that appellant, D.W. Knebel, brought his DTPA claim in bad faith, appellee, Port Enterprises, had to prove that the claim was motivated by a malicious or discriminatory purpose. Personal ill will or spite on the part of a consumer toward the defendant is relevant to the issue of malice. However, ill will is not a prerequisite to a finding of malice. Even if no ill will existed between the par-

ties, the defendant may be able to show that the consumer was motivated by a reckless disregard for defendant's rights. In this instance, malice may be inferred from the proof that the consumer did not have a good faith belief that there was a basis for his claim. *Hill v. Pierce*, 729 S.W.2d 340, 341 (Tex.App.—El Paso 1987, writ ref'd n.r.e.); *Brunstetter v. Southern*, 619 S.W.2d 557, 561 (Tex.Civ.App.—San Antonio 1981, writ ref'd n.r.e.).

However, a complaining party under § 17.50(c) is required to offer evidence and secure a favorable fact finding on the issue of bad faith. *Dairyland County Mutual Insurance Co. of Texas v. Childress*, 650 S.W.2d 770, 774 (Tex.1983). Appellee, Port Enterprises, failed to meet this burden. In the instant case, the evidence shows that appellant, D.W. Knebel, did not receive the roof which he and appellee, Port Enterprises, agreed upon. Furthermore, James Brown, an expert witness for appellant, D.W. Knebel, testified that the leaks in the roofs were caused by application of the asphalt at a temperature lower than the required norm and the presence of moisture in the layers of felt. These facts would support appellant's/D.W. Knebel's good faith belief that he had a basis for his DTPA claim against appellee, Port Enterprises. We find no evidence that the claim was motivated by a malicious or discriminatory purpose. There is no evidence that appellant, D.W. Knebel, brought his DTPA claim against appellee, Port Enterprises, in bad faith. The first point of error is sustained.

By his second point of error, appellant, D.W. Knebel, argues that the trial court erred in entering judgment for appellee, Port Enterprises, on its counterclaim because the judgment of the trial court allowing attorney's fees based upon its finding that his suit was groundless is erroneous as a matter of law, is not supported by the evidence, and the great weight and preponderance of the evidence is clearly to the contrary. He requests the judgment be modified and reformed by deleting the allowance of attorney's fees.

In determining whether appellant's/D.W. Knebel's cause of action was groundless, the trial court had to rely either on undisputed fact issues, law issues, or jury findings. *Xarin Real Estate, Inc. v. Gamboa*, 715 S.W.2d 80, 86 (Tex. App.—Corpus Christi 1986, writ ref'd n.r. e.); *C.S.R., Inc. v. Industrial Mechanical, Inc.*, 698 S.W.2d 213, 217 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.); *Mader v. Aetna Casualty and Surety Co.*, 683 S.W.2d 731, 734 (Tex.App.—Corpus Christi 1984, no writ). The term "groundless" has been held to mean that there was no arguable basis for the cause of action. *Gamboa*, 715 S.W.2d at 86; *C.S.R., Inc.*, 698 S.W.2d at 217; *LaChance v. McKown*, 649 S.W.2d 658, 661 (Tex.App.—Texarkana 1983, writ ref'd n.r.e.). However, a cause of action does not become legally groundless simply because the plaintiff failed to convince the jury of the truth of his allegations. *C.S.R., Inc.*, 698 S.W.2d at 217; *LaChance*, 649 S.W.2d at 661.

We disagree with the trial court's ruling that, as a matter of law, appellant, D.W. Knebel, had no arguable basis for his claim against appellee, Port Enterprises. The evidence shows that the roof which appellant, D.W. Knebel, received did not comply with the roofing specifications agreed upon by the parties. Moreover, testimony from appellant's/D.W. Knebel's expert witness demonstrates that the roof was in fact improperly applied.

This establishes that appellant, D.W. Knebel, had a genuine basis for his DTPA claim against appellee/Port Enterprises even though he did not succeed in persuading the jury. Moreover, his lawsuit was not legally groundless simply because he did not win at trial. *See C.S.R., Inc.*, 698 S.W.2d at 217; *LaChance*, 649 S.W.2d at 661. Accordingly, we hold that the case presented was not groundless as a matter of law. The second point of error is sustained.

By his third and fourth points of error, appellant, D.W. Knebel, argues that the trial court erred in entering judgment for appellee, Port Enterprises, because the jury's answers that no damages resulted to

**833**

him as a result of appellee's/Port Enterprises' breach of contract and warranty and that appellee, Port Enterprises, had not violated the DTPA, are not supported by the evidence, are against the great weight and preponderance of the evidence, are established by the undisputed evidence as a matter of law, and the fact of damages was established as a matter of law.

Appellant, D.W. Knebel, argues that he established, as a matter of law, both producing cause and a violation of the DTPA. Alternatively, he argues that the jury's failure to find producing cause and a violation of the DTPA is so wrong that it is manifestly unjust. After considering all of the evidence, we conclude that the jury's negative finding on the causation issue was not against the great weight and preponderance of the evidence. Whether or not appellant, D.W. Knebel, established a violation of the DTPA or a breach of warranty need not be reviewed because his failure to establish producing cause prevents a recovery for any alleged damages. *See Mac-Donald,* 713 S.W.2d at 205–06. The third and fourth points of error are overruled.

We REVERSE the judgment of the trial court and RENDER judgment that appellee, Port Enterprises, take nothing by its counter-claim for attorney fees. The judgment of the trial court is in all other respects AFFIRMED.