**GREEN TREE ACCEPTANCE, INC. and Woodgate Homes, Appellants,**

v.

**Tom HOLMES, Appellee.**

No. 2–89–234–CV.

Court of Appeals of Texas,
Fort Worth.

Jan. 16, 1991.

Rehearing Overruled Feb. 27, 1991.

Richard A. McKinney, Dooley, Rucker, Maris & Foxman, Dallas, for appellants.

Robert S. Williams, Fort Worth, for appellee.

Before WEAVER, C.J., and JOE SPURLOCK, II and DAY, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Green Tree Acceptance, Inc. and Woodgate Homes, appellants, bring this appeal from a judgment against them in a deceptive trade practice action brought by Tom Holmes, appellee. That action was tried to the court, which ordered a judgment against appellants for damages, discretionary damages, court costs, and attorney fees. The suit was based on the appellee's claim that appellants violated the Texas Deceptive Trade Practices Act by knowingly selling to him a motor home which had been driven at least 21,000 (and possibly as many as 78,000) more miles than were reflected on its odometer. TEX.BUS. & COM.CODE ANN. sec. 17.46(b)(5), (7) & (12) (Vernon 1987) and TEX.BUS. & COM. CODE ANN. sec. 17.50(b)(1) (Vernon Supp. 1991).

Appellants argue in three points of error: that there was no or insufficient evidence of the motor home's actual value at the time of the sale; that there was no or insufficient evidence that the motor home had been driven more miles than were reflected on the odometer; and that there was no or insufficient evidence that the appellants had actual knowledge of any discrepancy between the odometer reading and the number of miles driven. In their fourth point of error, appellants contend that there is no or insufficient evidence to support the court's award of discretionary damages.

We disagree and affirm the ruling of the trial court.

Appellant Green Tree's principal business is financing mobile homes and recreational vehicles. In 1987, it expanded its business to include the sale of used mobile homes and recreational vehicles which it had repossessed. On or about January 23, 1987, appellee purchased a used motor home for $9,000 from Woodgate Homes, the sales lot owned by Green Tree. In connection with the sale, appellants' representative signed an odometer mileage statement declaring that to the best of Green Tree's knowledge the odometer reading as reported in the statement accurately reflected the actual mileage of the vehicle. According to the statement, the motor home had been driven a total of 27,074 miles.

The motor home purchased by appellee was one which had been financed by Green Tree (although not sold by them) and subsequently repossessed by Green Tree. After Green Tree financed the motor home in 1984, it acquired the title to the vehicle and then transferred the title to an investor to whom it sold the purchase money note on the motor home. When Green Tree repossessed the motor home, in early 1987, it reacquired the certificate of title from the investor. The certificate was then sent to appellee, who had purchased the motor home. The title, issued in 1984, shows Green Tree as lien holder. The certificate of title shows that on January 23, 1987 (the same day Green Tree signed the odometer statement in connection with the sale to appellee), Green Tree's credit manager signed as its agent releasing the lien.

When the appellee received the certificate of title, it showed that back in 1984, at the time Green Tree acquired its lien, the motor home odometer read 48,376 miles, far in excess of the roughly 27,000 miles which Green Tree certified in 1987. The trial court found that Green Tree had actual knowledge of the error in the odometer reading before its representative signed

the January 23, 1987 odometer statement. It found, therefore, that Green Tree knowingly misrepresented the mileage on the vehicle in its statement. We agree.

In point of error three, appellants contend that there was either no or insufficient evidence to support the finding that they had actual knowledge that the odometer reading was incorrect at the time of the sale to appellee. Appellants reason that in order for appellee to meet his burden of showing knowledge on their part, he would have to show a Green Tree employee actually saw the mileage reading on the certificate of title when Green Tree first acquired title through its financing agreement in 1984 and before the title was sent to the investor who purchased the note on the motor home. Appellants argue further that the employee must have understood the significance of the mileage reading and have been able to relay the information to the salesman who ultimately signed the erroneous mileage statement in 1987. *See Preston II Chrysler-Dodge v. Donwerth*, 744 S.W.2d 142, 144–45 (Tex.App.—Dallas 1987), *rev'd*, 775 S.W.2d 634 (Tex.1989) (without establishing actual knowledge on the part of the seller, the statement that, to the best of the seller's knowledge, the vehicle's odometer reading was the actual mileage, is not a misrepresentation under the DTPA).

In *Donwerth*, the Texas Supreme Court reversed the Dallas Court of Appeals on the issue of sufficiency of the evidence on the misrepresentation claim but did not explicitly reach the issue of actual knowledge. *Donwerth*, 775 S.W.2d at 635.[1] Whether or not the appellee was required to show actual knowledge of the discrepancy, it is clear in this case that appellants had actual knowledge. It is undisputed that appellants had the certificate of title in their possession when Green Tree financed the 1984 sale of the motor home roughly three years prior to the subsequent repossession and sale to appellee in 1987 when the title showed greater mileage than did the odometer. It is not necessary that the appellee prove which of appellants' employees saw the certificate or whether that employee understood its significance and whether they communicated the information. A corporation is bound by knowledge acquired by its agent in the course of his corporate duty unless the corporation shows that he lacked the authority to so bind it. *Williams v. Penick–Hughes Co.*, 36 S.W.2d 1060, 1062 (Tex.Civ.App.—Fort Worth 1931, no writ); *City National Bank v. Greene*, 279 S.W. 893, 895 (Tex.Civ.App. —Amarillo 1926, no writ).[2] Here, not only did Green Tree have legal title to the motor home and its name appeared on the 1984 title as lienholder, the credit manager for Green Tree also signed as its agent the 1984 certificate of title showing mileage in excess of 48,000 miles when the title was transferred to appellee. The agent had at least apparent authority and Green Tree did not contend that he lacked authority to sign for it. The corporate entity was therefore bound by that information and may not now claim that the corporate structure itself denied its other employees actual knowledge of the contents of the instrument its agent signed. Green Tree itself had actual knowledge. Appellants' third point on appeal is therefore overruled.

In their first point on appeal, appellants complain that there was either no or insuf-

---

1. It is not clear from the supreme court's *Donwerth* opinion whether actual knowledge of the discrepancy between the odometer and actual mileage is a necessary element of this cause of action. In fact, TEX.REV.CIT.STAT.ANN. art. 6687–1, secs. 24, 33 (Vernon Supp.1991), the statute requiring mileage disclosure, became effective only after the events in *Donwerth* and the other cases on which appellants rely. Under 15 U.S.C.S. sec. 1988 (Law. Co.op. 1982), the federal statute requiring essentially the same disclosure as 6687–1, courts have held that failure to discover a discrepancy which would have been revealed by the exercise of reasonable care is sufficient to create a cause of action under the statute. *See e.g. Nieto v. Pence*, 578 F.2d 640 (5th Cir.1978).

2. A corporation is necessarily run and administered by its employees. If an employee having the authority to sign a legal instrument for his corporate employer did not bind the corporation by signing, corporations could always limit their liability. *See Coryell v. Phipps (The Seminole)*, 317 U.S. 406, 410–11, 63 S.Ct. 291, 293, 87 L.Ed. 363 (1943).

ficient evidence to show that the motor home was in fact worth only $4,000 at the time it was delivered to appellee. Appellee had paid $9,000 for the used vehicle, and this finding would make his damages be $5,000, which is not actionable per se, but is if caused by appellants' deceptive act.

■ Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's verdict upon special issues. *City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them, *First Nat. Bank in Dallas v. Kinabrew*, 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.), by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Okon v. Levy*, 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

■ In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the finder of fact and disregard all evidence and inferences to the contrary. *See Sherman v. First National Bank*, 760 S.W.2d 240, 242 (1988) (per curiam); *Larson v. Cook Consultants, Inc.*, 690 S.W.2d 567, 568 (Tex.1985); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951) (per curiam). If there is any evidence of probative force to support the finding of the finder of fact, the point must be overruled and the finding upheld. *In re King's Estate*, 244 S.W.2d at 661–62.

A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence;

or (4) the evidence establishes conclusively the opposite of a vital fact. *Commonwealth Lloyd's Ins. Co. v. Thomas*, 678 S.W.2d 278, 288 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEXAS L.REV. 361 (1960).

■ In this case, appellants claim that there is no evidence to support the trial judge's finding that the motor home was worth only $4,000 when it was delivered at a selling price of $9,000 to appellee. Appellants base this claim on the fact that the only evidence of the vehicle's value at delivery was appellee's stated opinion that the motor home would be valued at $4,000 in its real condition.[3] While a property owner may testify to the market value of his property, testimony on its intrinsic value is not evidence of the market value. Appellants argue that since appellee based his estimate of the vehicle's value at delivery on its intrinsic use value to him, there was no evidence of its market value. *Porras v. Craig*, 675 S.W.2d 503, 504 (Tex.1984).

In *Porras*, the property owner's complaint was that the actions of the defendant neighboring property owner had rendered his property unfit for the special uses to which he wished to put the property. His opinion as to the property's diminution in value was a reflection of the property's value to him, not the market value *per se*. However, in the case on appeal appellee did testify that he was familiar with the market value of the motor home if it had only 27,000 miles on it. The record also shows that appellant himself was familiar with the used car market as he had worked in the field for many years. He further testified that if the motor home had 127,000 miles on it, it would be less-suited for the very uses to which a motor home would normally be put. That is, he based his estimate of the diminished value not on the use value to him, but on the reduced marketability of a vehicle with such extensive

---

**3.** Appellee based this testimony in part on the fact that the motor home might have as many as 127,000 miles on it. This is because the mechanical limit of the odometer is 100,000. A reading of 27,000, if not the result of rolling-back, would mean the vehicle had been driven 127,000 miles.

mileage. He did not testify, as did the consumers in *Pontiac v. Elliott,* 775 S.W.2d 395, 399 (Tex.App.—Houston [1st Dist.] 1989, writ denied), that the motor home had no value. He said, in essence, that because of the high maintenance cost of operating a vehicle with so many miles on it, it would be worth less as a motor home. Appellee's testimony therefore met the *Porras* standard. Appellants' no evidence portion of point of error one is overruled.

■ An assertion that the evidence is "insufficient" to support a finding of fact can mean that the evidence supporting the finding is so weak or the evidence to the contrary is so overwhelming that the finding should be set aside and a new trial ordered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965). We are required to consider all of the evidence in the case in making this determination. *See id.*

■ There was clearly some evidence as to the diminished value of the motor home. That evidence was uncontradicted. An expert witness for appellants did testify that the motor home with 127,000 miles on it, if it was in good condition, might not have been worth much less than if it only had 27,000 miles. However, the trial judge was entitled to weigh the evidence he heard and we cannot now hold that the trial judge erred in believing the evidence he heard on the issue. We find that there was sufficient evidence to support the finding that the motor home was only worth $4,000. Appellants' first point of error is entirely overruled.

■ Appellants argue in their second point of error that the discrepancy between the odometer and the title mileage was either no or insufficient evidence of the fact that the motor home had been driven more miles than that shown on the odometer. To the contrary, we hold that when the mileage recorded on the legal title is greater than that indicated on the actual odometer some years later, that fact is prima facie evidence that the vehicle has been driven more miles than is currently indicated on the odometer. Where the mileage on the title, a legal instrument

bearing the seller's signature, is greater than that shown on the odometer, it is the duty of the seller to discover and disclose that fact and state to the best of his knowledge which, if either, is correct. TEX. REV.CIV.STAT.ANN. art. 6687–1 secs. 24(k), 33(b) (Vernon Supp.1991). Appellants' second point of error is therefore overruled.

In their final point of error, appellants argue that there was either no or insufficient evidence that they knowingly violated the DTPA and that the court therefore erred in granting discretionary damages. They maintain that in order to recover under the DTPA, appellee must show that a misrepresentation was made with actual awareness of its falsity. We have already held that appellants had actual knowledge of the fact that the title showed greater mileage than did the odometer. There was, therefore, sufficient evidence that appellants knowingly misrepresented the qualities of the motor home. Appellants' fourth point on appeal is overruled and the judgment of the trial court is affirmed.