JUSTICE RICE
specially concurring.
¶55 I concur with the holding of the Court on all issues, but do not agree with the entirety of the Court’s analysis with regard to the doctrine of judicial estoppel.
¶56 The Court cites the doctrine’s four-part test as set forth in Kauffman-Harmon v. Kauffman, 2001 MT 238, 307 Mont. 45, 36 P.3d 408, and notes that the record is devoid of evidence that Respondents were misled by the declarations made by Appellants in the Beneficiary Litigation, as required under part four of that test. See ¶ 34. The Court also concludes that the doctrine applies only to unequivocal statements of fact, not to legal theories or positions taken by a party. See ¶ 34.1 believe these conclusions circumscribe the doctrine of judicial estoppel in ways we have been careful to avoid in the past, and I disagree with doing so.
¶57 Although we have previously employed the four-part test in cases such as Kauffman and Fiedler v. Fiedler (1994), 266 Mont. 133, 879 P.2d 675, we have not universally used the test in determining the doctrine’s applicability. We applied the doctrine in Rowland v. Klies (1986), 223 Mont. 360, 726 P.2d 310, without using the test, and declined to apply the doctrine in Nelson v. Nelson, 2002 MT 151, 310 Mont. 329, 50 P.3d 139, without referencing the test. While the four-part test may be helpful in some cases, it is important to note that the “[jjudicial estoppel doctrine is equitable ....’’Nelson, ¶ 20 (quoting 28 Am.Jur.2d Estoppel and Waiver § 74 (2000)). We have noted that “while this rule is frequently referred to as ‘judicial estoppel,’ it more *448 properly is a rule which estops a party to play fast-and-loose with the courts ....” Rowland, 224 Mont. at 367, 726 P.2d at 315 (quoting 31 C.J.S. Estoppel § 117B, pgs. 623-627 (1964)). Consequently, as an equitable doctrine, “there is no pat formula for applying judicial estoppel, and a flexible standard for judicial estoppel permits consideration of all circumstances involved.” 31 C.J.S. Estoppel and Waiver § 139, p. 595 (1996); see also Czajkowski v. Chicago (1992), 810 F.Supp. 1428, 1445 (the doctrine is applied under “a flexible standard not reducible to a pat formula”). In my view, there may be circumstances beyond those defined by the four-part test where application of the doctrine is appropriate.
¶58 Neither should the doctrine be limited to factual assertions. “Judicial estoppel may arise when a person has taken a position or asse?'ted a fact under oath in a judicial proceeding contrary to a position he is taking in the present litigation ....” Rowland, 223 Mont. at 368, 726 P.2d at 316 (emphasis added) (quoting LaChance v. McKown (Tex.Ct.App. 1983), 649 S.W.2d 658, 660). We declined to apply the doctrine in Nelson because the litigant there was “not now changing her theory of liability, nor is she trying to prevail on opposite theories.” Nelson, ¶ 21.
[The doctrine] is intended to protect the courts from being manipulated by chameleonic litigants who seek to prevail, twice, o?i opposite theories. The purpose of the doctrine of judicial estoppel is to reduce fraud in the legal process by forcing a modicum of consistency on the repeating litigant.
Nelson, ¶ 20 (emphasis added) (quoting 28 Am.Jur.2d Estoppel and Waiver § 74 (2000)).
¶59 Appellants took the position in the Beneficiary Litigation that Mrs. Watkins was estopped from changing her previous judicial assertion that the 1992 Will and Trust were valid. They did not prevail in that litigation on the basis of their own judicial assertion that the Will and Trust were valid, a subtle yet significant distinction. Furthermore, and in any event, the position Appellants took in the Beneficiary Litigation is not inconsistent with the position they have taken in the present litigation. Here they have alleged in their complaint:
Defendants [have] breached their duties, implied obligations, and the heirs’ justifiable expectations, and acted in bad faith, by, among other things, failing to determine clearly and document properly the intent of Stanley L. Watkins and allowing Stanley Watkins’ will to be executed in such a way as to allow Ca?'olyn to *449 challenge his will and the Trust, and failing to reasonably implement the terms of the Trust Agreement, including transferring assets into the Trust in a manner that left the ownership of the assets open to Carolyn Watkins’ attack.
.... As a direct and proximate consequence of the Defendant’s [sic] negligence . . . Ms. Watkins was enabled to act in a manner that prejudiced the interests of the Plaintiffs in favor of the personal interests of Ms. Watkins. [Emphasis added.]
Thus, Appellants’ claims here are not necessarily premised on the invalidity of the Will or Trust, but only that the manner in which Respondents acted allowed Mrs. Watkins to prejudice their interests. I see no inconsistency here which calls for the application of the judicial estoppel doctrine.
¶60
I concur.