William J. MADER and Robert
Mader, Appellants,

v.

AETNA CASUALTY AND SURETY
COMPANY and Forrest Allen
Insurance Agency, Appellees.

No. 13–83–513–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 1, 1984.

Rehearing Denied Dec. 6, 1984.

John A. Sixta, Jr., Corpus Christi, for appellants.

Ronald B. Brin, Brin & Brin, Darrell L. Barger, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellees.

Before NYE, C.J., and GONZALEZ and SEERDEN, JJ.

## OPINION

NYE, Chief Justice.

This is a deceptive trade practices action filed in connection with the purchase of an automobile insurance policy.

William J. Mader and his son, Robert Mader, brought suit against Aetna Casualty and Surety Company (Aetna) and Forrest Allen Insurance Agency (Forrest Allen), alleging that William Mader had requested from Forrest Allen a policy for automobile insurance which would give him the maximum coverage allowed under Texas law. He claimed that his son was a resident of the household and was covered by the policy. After Mader's adult son was involved in an automobile accident in California, Mader attempted to recover the cost of his son's medical treatment. It was then that he discovered that the maximum amount of his policy for uninsured/underinsured coverage was $10,000/20,000. He asserted that he had requested the maximum coverage under Texas law but instead received minimum coverage. Aetna tendered a check to Mader for $10,000.00, but Mader refused to accept it and sued the appellees for violation of the Deceptive Trade Practices Act. The defendants countered with a claim for attorney's fees, contending that the Maders' suit was groundless and was brought in bad faith or for the purposes of harrassment.

The case was tried before a jury. In answer to special issues, the jury found that there had been no misrepresentation made by Forrest Allen regarding the insurance policy. They also found that Robert Mader was not a resident of the household of William Mader. Plaintiffs/appellants do not contest on appeal the jury's findings against them on their deceptive trade practices claim.

Additionally, the jury found that both of the Maders had brought their actions in bad faith or for purposes of harrassment. The main points of error they raise here

concern the defendant/appellees' counterclaim for attorney's fees based upon the jury finding that the Maders brought that claim in bad faith and for the purpose of harassment.

■ First, they claim that the trial court erred in submitting an instruction which informed the jury that *"as a matter of law Robert Mader was not a consumer within the meaning of the Texas Deceptive Trade Practices Act."* (Emphasis supplied.) Appellant contends that this instruction (1) constitutes a comment on the evidence; (2) is a general instruction in that the jury was not instructed to consider that statement only with regard to certain special issues; (3) the instruction implied that the District Court agreed with the appellees' case; and (4) it constitutes an incorrect statement of law in that it implies that lack of legal status as a consumer is necessarily an indication of bad faith or that a case was brought for purposes of harassment. Appellants' only objection to the submission of this instruction at trial was that it was an impermissible comment on the weight of the evidence. The instruction was submitted in conjunction with both appellees' counterclaims that the appellants' suit was brought in bad faith or for purposes of harassment. Appellants' also argue that the trial court erred in failing to direct the jury to consider the instruction with regard to the issues as to Robert Mader only. This objection, however, was not raised at the trial court level and is waived. TEX.R. CIV.P. 274; *Davis v. Campbell*, 572 S.W.2d 660 (Tex.1978).

■ TEX.R.CIV.P. 277 states that "the court shall submit such explanatory instructions and definitions as shall be proper to enable the jury to render a verdict and in such instances the charge shall not be subject to objection that it is a general charge." Instructions are permitted when they are necessary to aid in explaining some matter to the jury. *Board of Regents of North Texas State University v. Denton Construction Co.*, 652 S.W.2d 588 (Tex.App.—Ft. Worth, 1983, writ ref'd n.r.e.). Although a trial court may not comment on the weight of the evidence, it may incidentally comment where the comment is necessary or proper as part of an explanatory instruction or definition. TEX. R.CIV.P. 277. Trial courts generally have considerable discretion in deciding what instructions are necessary and proper. *Johnson v. Whitehurst*, 652 S.W.2d 441 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.).

■ In the case at bar, the trial court's instruction was given in connection with the bad faith and harassment issue that was submitted as to the son, Robert Mader. The trial court, in effect, informed the jury on a finding which it had made as a matter of law. This was error. *See: Board of Regents of North Texas State University v. Denton Construction Co.* Appellees argue that the instruction aided the jury in answering the issues which accompanied them. We disagree with this argument. This instruction informed the jury to the effect that the trial court looked with favor on the appellees' cases, at least in part. By informing the jury that it found that Robert Mader was not a consumer, we believe that the instruction strongly suggested to the jury that they should answer the accompanying issue accordingly. Robert Mader could not recover on his Deceptive Trade Practices claim unless he was found to be a consumer as defined by the Act. The instruction of the court that Robert Mader was not a consumer was unnecessary for the jury to consider in their deliberations concerning whether Robert Mader had brought his suit in bad faith or for purposes of harassment. We can see no useful purpose for this instruction other than to steer the jury toward an affirmative finding on those issues. As such, we find that the instruction was an impermissible comment on the evidence; it announced an opinion on behalf of the trial court as to the ultimate facts that were to be inquired about. The instruction was unnecessary to the issue as evidenced by the fact that the jury was not similarly instructed that William Mader was a consumer as a matter of law with regard to the bad faith and

harassment issues submitted as to him. Appellants' first point of error is sustained.

In appellants' second and third points of error, they assert that the trial court erred in submitting special issues which inquired whether they had brought their action against the defendants in bad faith and/or for purposes of harassment because there was no evidence to support the submission of these special issues. A trial court must submit a relevant requested special issue if there is any evidence to support it. *Vela v. Ebert's Mobile Homes, Inc.*, 630 S.W.2d 434 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.); *Trevino v. Trevino*, 555 S.W.2d 792 (Tex.Civ.App.—Corpus Christi 1977, no writ).

As amended in 1979, § 17.50(c) provides:

> On a finding by the court that an action under this section was groundless and brought in bad faith, or brought for purposes of harassment, the court shall award to the defendant reasonable and necessary attorney's fees and court costs.

The testimony of appellants themselves is conflicting. William Mader testified that he requested the agent to write him a policy for maximum coverage. He also testified that he never had a conversation about uninsured motorist coverage in particular. There was evidence admitted that on the application for insurance Mader had listed himself, his wife and his son, Richard, as living at home, but his son, Robert, the other appellant herein, was not listed. William Mader also testified that he did not read his policy or application. At one point, he acknowledged that he thought his coverage was $10,000/20,000 because he believed ten/twenty was the maximum. Robert, the other appellant herein, was not listed on the application as residing at Mader's home. Robert Mader also testified that he resided with his parents in Corpus Christi and, although working in California for his father's telephone business, he intended to return to Corpus Christi. There was testimony, however, elicited that Robert Mader had obtained a California driver's license and had been in California for a period of time preceding the accident. Robert Mader testified that he had a Delaware license which he surrendered in favor of the California license, but had never had a Texas driver's license. Robert Mader was not the purchaser of a policy or in any way involved in the transaction involving the purchase of the insurance policy.

Appellants' points of error are that there was no evidence to submit the bad faith issues to the jury. We find that the above testimony was sufficient evidence to support the submission of the bad faith and harassment issues to the jury. Appellants' second and third points of error are overruled.

In their fourth point of error, appellants claim that the trial court erred in excluding evidence that William Mader promised to pay the medical bills of Robert Mader on the ground that the evidence offered violated the Statute of Frauds. Appellants attempted to introduce testimony that William Mader was responsible for paying the medical bills of his son, Robert Mader.

To obtain reversal of the judgment, appellant had the burden in this case to show that rejection of the testimony he attempted to offer was error reasonably calculated to cause and probably did cause rendition of an improper judgment. TEX. R.CIV.P. 434. It is elemental that an assignment of error relating to the exclusion of evidence must be preserved by a proper bill of exceptions. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414 (Tex.1984). Absent a proper bill of exceptions, we cannot say that the exclusion of William Mader's testimony as to the written agreement was error. Appellants' fourth point of error is overruled.

In appellant's fifth and sixth points of error, they claim that the trial court erred in ruling that their claims against appellees were groundless as a matter of law. The court, in determining whether an action is groundless, makes its decision on undisputed fact issues, law issues or *jury findings*. *O'Shea v. Interna-*

*tional Business Machines Corp.,* 578 S.W.2d 844 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.) (emphasis ours). In the case at bar, we find that there was ample evidence to support the jury's findings on bad faith or harassment. The trial court's conclusion that the suit was groundless based upon these findings is also supported. Appellants' fifth and sixth points of error are also overruled.

In appellants' seventh point of error, they claim that the trial court erred in finding that Robert Mader was not a consumer as a matter of law. We have considered this point, and it is overruled.

 The judgment of the trial court reflects that appellants Robert, as well as his father, William J. Mader, were held by the trial court to be jointly and severally liable for the appellees' attorneys' fees. This was error as to Robert Mader because of the instruction given by the trial court. When it appears to this Court that the error affects a part only of the matter in controversy, and that such part is clearly severable without unfairness to the parties, the judgment shall only be reversible and a new trial ordered as to that part affected by such error. TEX.R.CIV.P. 434.

Accordingly, the judgment of the trial court is reversed and the cause as to Robert Mader is remanded for a new trial to determine the issue vel non of bad faith or for purposes of harassment. In all other respects, the judgment of the trial court is affirmed.

GONZALEZ, J., not participating.