**BAKER MATERIAL HANDLING CORPORATION and Otis Elevator Company, Appellants,**

v.

**Mrs. William A. CUMMINGS, Individually, and Guardian of Steven Edward Cummings, a Minor, William James Cummings and Cynthia Ann Cummings, Appellees.**

**No. 05–84–00692–CV.**

Court of Appeals of Texas, Dallas.

May 15, 1985.

Rehearing Denied June 17, 1985.

Harold Hoffman, G. Duffield Smith, Jr., Kelly Akins, Anne Infinger, Dallas, for appellants.

Eddie Vassalo, Ken Wright, Bill Liebbe, William Hankinson, Frank Betancourt, Dallas, for appellees.

Before STEPHENS, ALLEN and MCCLUNG, JJ.

ALLEN, Justice.

Baker Material Handling Corporation and Otis Elevator Company (Baker and Otis) appeal from a judgment that awarded damages to Mrs. William A. Cummings, Steven Edward Cummings, William James Cummings and Cynthia Ann Cummings for the alleged wrongful death of William A. Cummings. Baker and Otis present to this court eleven points of error. We sustain Baker and Otis' first point of error that the trial court's final charge to the jury was an impermissible comment on the weight of the evidence. We reject all of the points of error Baker and Otis present which would have this court reverse and render. Accordingly, we reverse and remand.

We shall discuss only Baker and Otis' first point of error in this published opinion. We are treating Baker and Otis' other points of error in a separate, unpublished opinion accompanying this published opinion.

The Cummings' wrongful death action was also a products liability suit. William A. Cummings was killed when he attempted to drive a "Moto-Truc" forklift up a ramp with a 16% grade. Before the forklift reached the top of the ramp, it rolled back down the ramp and fell over the side. William Cummings died as a result of this accident. The Cummings alleged in their petition that the forklift was unreasonably dangerous because of defects in design and an absence of warnings or instructions to the user on relevant hazards. The jury returned a verdict in favor of the Cummings. The trial court rendered judgment on the verdict and thus awarded to each of the Cummings damages for pecuniary loss, loss of society and mental anguish.

The jury did not reach its verdict on the charge that the trial court had originally submitted. During the course of its deliberations, the jury sent two notes to the trial judge. The first concerned the wording of special issue number 7, a liability issue. This note also indicated that the jury had answered special issues 1 through 6 and special issue 9, which were all of the other liability issues except for 8 (which was predicated on 7) and 11. After more deliberation, the jury sent the judge a second note which read:

> On issues 12 & 13 we are not at an agreement to [sic] the amount of money. May we answer "None" if we cannot determine an amount. [sic] If we cannot determine the amount, can it be determined by the court?

In response to this note, the trial judge instructed the jury to disregard special issues 12 and 13. He substituted instead revised issues 12–A and 13–A. The original special issue 12 concerned damages for Mrs. William Cummings. It read, in pertinent part, as follows:

### SPECIAL ISSUE NO. 12

What sum of money, *if any*, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Mrs. William A. Cummings for her loss, if any, resulting from the occurrence in question?

Consider the following elements and none other:

(a) The reasonable cash value of the pecuniary loss, if any, resulting from the death of William A. Cummings including the loss of care, maintenance, support, services, advice and counsel, that Mrs. William A. Cummings would in reasonable probability have received from William A. Cummings during his lifetime had he lived.

Answer in dollars and cents *or* "*None*".....

(c) The reasonable cash value of the mental anguish, grief, and bereavement, if any, sustained by Mrs. William A. Cummings in the past and which in reasonable probability she will sustain in the future, if any, as a result of the death of William A. Cummings.

Answer in dollars and cents *or* "*None*".... [emphasis added]

Special issue 12–A, by contrast, reads, in pertinent part, as follows:

### SPECIAL ISSUE NO. 12–A

Find from a preponderance of the evidence that sum of money which, if paid now in cash, would fairly and reasonably compensate Mrs. William Cummings for her loss, if any, resulting from the occurrence in question?

Consider the following elements and none other:

(a) The reasonable cash value of the pecuniary loss, if any, resulting from the death of William A. Cummings including the loss of care, maintenance, support, services, advice and counsel, that Mrs. William A. Cummings would in reasonable probability have received from William A. Cummings during his lifetime had he lived.

Answer in dollars and cents in the space provided below....

(b) The reasonable cash value of the loss of society, if any, sustained by Mrs. William A. Cummings as a result of the death of William A. Cummings.

Answer in dollars and cents in the space provided below....

(c) The reasonable cash value of the mental anguish, grief, and bereavement,

if any, sustained by Mrs. William A. Cummings in the past and which in reasonable probability she will sustain in the future, if any, as a result of the death of William A. Cummings.

Answer in dollars and cents in the space provided below....

There are two major differences between these special issues. First, they differ in the introductory paragraphs. Special issue 12 asks "what sum of money, *if any*, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonable compensate Mrs. William A. Cummings for her loss, if any...." (emphasis added). Special issue 12–A commands the jury to "[f]ind from a preponderance of the evidence that sum of money which, if paid now in cash, would fairly and reasonably compensate Mrs. William A. Cummings for her loss, if any ..." Thus, special issue 12 puts the phrase "if any" after "sum of money" and is in question form; special issue 12–A eliminates "if any" after "sum of money" and is in imperative form. The second major difference between these special issue is that 12–A eliminates "or 'None'" after "Answer in dollars and cents".

Special issues 13 and 13–A concern the question of damages for William Cummings' children. Special issue 13–A differs from 13 in the same way that 12–A differs from 12. In the introductory paragraph, 13–A commands the jury to "[f]ind from a preponderance of the evidence that sum of money *etc.*" instead of asking "What sum of money *etc.*" and eliminates "if any" after "sum of money". Special issue 13–A also eliminates "or 'None'" after "Answer in dollars and cents".

In addition to submitting revised special issues, the trial court orally gave the jury the following supplemental instructions on special issues 12–A and 13–A:

Please note that although the language is very, very similar to 12 and 13, *there are some major differences. I recommend* that when you do resume your deliberations the *first thing you do is*

*compare* the old 12 and 13 with the new 12–A and 13–A to *clearly indentify the differences.* [emphasis added]

The trial judge thus instructed the jury to take note of the changes in the special issues set out above.

■■■ We conclude that the trial court's action in response to the jury's second note constituted an impermissible comment on the weight of the evidence. A special issue or instruction constitutes a comment on the weight of the evidence if it indicates the trial judge's opinion on the truth of the matter in question. *Armes v. Campbell*, 603 S.W.2d 249, 251 (Tex.Civ.App.—El Paso 1980, writ ref'd n.r.e.). The changes the trial judge made in special issues 12 and 13, coupled with his oral instruction to the jury that they take note of these changes, definitely indicated to the jury that it was the trial judge's opinion that the Cummings should recover *some* damages. *Compare, Garcia v. Sky Climber, Inc.*, 470 S.W.2d 261, 265 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ ref'd n.r.e.).

■■■ The Cummings argue that Baker and Otis have not adequately preserved their complaint that the charge commented on the weight of the evidence because they did not make their objections raising that complaint with sufficient specificity and because they buried these objections in a mass of other general objections. Thus, according to the Cummings, Baker and Otis' objections failed to meet the requirements of TEX.R.CIV.P. 274. Baker and Otis did object that the trial court's revised charge was a comment on the weight of the evidence, but a general objection that the charge is a comment on the weight of the evidence is not of itself sufficiently specific to meet the requirements of Rule 274. *See Corpus Christi Bank & Trust v. Roberts*, 587 S.W.2d 173, 185 (Tex.Civ.App.—Corpus Christi 1979), *reformed and affirmed on other grounds*, 597 S.W.2d 752 (Tex.1980). However, Baker and Otis also made the following more specific objection:

> The Defendants object to the Subparagraphs B and C of 12–A and 13–A for the reason that in the Court's instructions relative to answers in dollars and cents and a space provided below in each of those issues, the words "if any" have been removed and therefore the Court has directed the Jury to find money damages in answer to those particular subparagraphs of each 12–A and 13–A....

Although Baker and Otis mistakenly said in this objection that the trial court omitted the words "if any" after "Answer in dollars and cents" in those subparagraphs, when the trial court actually had omitted the words "or 'None'", the objection was sufficient to direct the trial court's attention to its omission of "or 'None'". Also, Baker and Otis' stated reason for their objection, that "the Court has directed the Jury to find money damages" was sufficient to tell the trial court that the basis of their complaint was that the trial court's deletion was, in effect, a comment on the weight of the evidence.

In addition, Baker and Otis objected to the trial court's instructions to the jury to compare the new charge with the old charge on the basis that the invited comparison was a comment on the weight of the evidence. Thus, Baker and Otis did point out to the trial court its two most serious errors, namely, the omission of "or None" and the instruction to the jury to compare the original charge with the revised charge. Baker and Otis also sufficiently apprised the trial court that the reason for their complaint about those actions was that those actions constituted a comment on the weight of the evidence. We therefore hold that Baker and Otis' objections were sufficiently specific.

■■■ The Cummings, in support of their argument that Baker and Otis obscured their specific objections with voluminous unfounded objections, say that Baker and Otis made seventeen general objections to the revision of the charge. A party does not run afoul of Rule 274 simply by making numerous objections. *See Pittsburg Coca-Cola Bottling Works of Pittsburg v. Ponder*, 443 S.W.2d 546, 551 (Tex.1969). Rather, a party violates Rule 274 only if the volume of objections deprives the trial

court of a real opportunity to correct errors in the charge. *Northcutt v. Jarrett*, 585 S.W.2d 874, 880 (Tex.Civ.App.—Amarillo 1979), *writ ref'd n.r.e. per curiam*, 592 S.W.2d 930 (Tex.1979). The decisions which have held that objections were too profuse under Rule 274 have typically involved stock objections to a number of different special issues, *e.g.*, *McDonald v. New York Central Mutual Fire Insurance Co.*, 380 S.W.2d 545, 550 (Tex.1964), or objections considerably more numerous than those in the present case, *e.g.*, *Clarostat Manufacturing, Inc. v. Alcor Aviation, Inc.*, 544 S.W.2d 788, 792 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.) (valid objection made along with 32 frivolous objections).[1] We conclude that the number of general objections in the present case did not deprive the trial court of a real opportunity to correct the errors in the charge—although it certainly was not good practice for Baker and Otis to make these general objections.

Finally, the Cummings suggest that the trial court did not err, or at least erred harmlessly, since it was a clear from the jury's notes that they had agreed that the Cummings should receive *some* damages. Although the jury's first note indicated that it had answered some of the special issues on liability, and although the jury's second note said that it was unable to agree or the *amount* of damages, the jury had not delivered a verdict on any issue. Thus, its decisions when it sent the two notes were only tentative. The jurors still could have changed their minds on any issue. Hence, they could still, after further deliberation, have decided against the Cummings on the liability issues or have decided that the Cummings were not entitled to any damages at all. The judge's amendment of the charge was therefore error, and harmful error. We sustain Baker and Otis' first point of error.

Since we sustain the first point of error and reject all the points of error calling on

us to reverse and render, we reverse and remand.

---

1. Thirty-two was the smallest number stated in the cases we have found which held that the objections were too profuse under Rule 274 and which stated the number of general or unfounded objections.