**Deanne REDWINE, Appellant,**

v.

**AAA LIFE INSURANCE COMPANY, Appellee.**

**No. 05–91–01126–CV.**

Court of Appeals of Texas, Dallas.

March 23, 1993.

**12**

David R. Weiner, Law Offices of Windle Turley, P.C., Dallas and Frank Herrera, Jr., Herrera & Vega, Inc., San Antonio, for appellant.

John Zavitsanos, Baker & Botts, Houston, for appellee.

Before BAKER, BARBER[1] and MORRIS[2], JJ.

## OPINION

BARBER, Justice.

This suit arises out of an insurance policy. Deanne Redwine filed suit against AAA Life Insurance Company when she was denied benefits under a travel accident insurance policy. Redwine alleged various causes of action, including breach of contract and breach of the duty of good faith and fair dealing. The lawsuit was tried before a jury. At the close of Redwine's case, the trial court granted AAA Life's counterclaim for declaratory judgment that Redwine's injuries were not covered by the insurance policy. The trial court also granted AAA Life's motion for directed verdict on Redwine's claim for breach of the duty of good faith and fair dealing. At the close of all the evidence, the trial court submitted instructions that advised the jury that these two issues had been resolved in AAA Life's favor. In her sole point of error, Redwine contends that these instructions constituted impermissible comments on the weight of the evidence. In a cross-point, AAA Life contends that the trial court erred in failing to award it attorney's fees in accordance with the Texas Uniform Declaratory Judgment Act. We sustain Redwine's point of error, overrule AAA Life's cross-point, and reverse and remand this cause to the trial court for proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Redwine's mother received a direct-mail advertisement from AAA Life promoting the sale of "365 Travel Accident Insurance." Knowing that her daughter would be travelling abroad, Mrs. Redwine called an employee of AAA, a legal entity separate and distinct from AAA Life, to discuss the policy. Mrs. Redwine maintains that she discussed the policy with the AAA employee. The AAA employee denies that he discussed the terms of the policy with Mrs. Redwine. Nonetheless, Mrs. Redwine testified that, based on the advertisement and the information provided by the AAA employee, she believed that the policy would cover any injuries sustained in a serious travel accident. Mrs. Redwine returned the application form that accompanied the advertisement and paid the $36 annual premium. AAA Life issued a policy in Deanne Redwine's name.

Several months later, Deanne Redwine was injured in an automobile accident. She suffered a spinal cord injury and incomplete paralysis of her lower limbs. Redwine filed a claim with AAA Life to collect under the 365 policy. Rather than cover any injuries sustained in a serious travel accident as Mrs. Redwine believed, the 365 policy provided coverage only in the event of death, loss of limb, or loss of sight. Redwine tried to recover under the "loss of limb" provision because the advertisement material did not define "loss of limb" and Redwine thought the provision broad enough to encompass "loss of use." "Loss of limb" was defined in the certificate of insurance mailed to Mrs. Redwine after she sent in the enrollment card with her premium, however, as "severance at or above the wrist or ankle joint." AAA Life denied the

---

**1.** Justice Will Barber succeeds Justice Jeff Kaplan, a member of the original panel. Justice Barber has reviewed the briefs and record in this case.

**2.** Justice Joseph B. Morris succeeds Justice Kevin B. Wiggins, a member of the original panel. Justice Morris has reviewed the briefs and record in this case.

claim, contending that the injuries were not covered under the policy.

Deanne Redwine filed suit against AAA Life, alleging breach of contract, violations under the Deceptive Trade Practices–Consumer Protection Act (DTPA), violations under article 21.21 of the Texas Insurance Code, common-law fraud, fraudulent inducement, and breach of the duty of good faith and fair dealing. At the jury trial, Redwine offered expert testimony that AAA Life's advertisement was misleading because the contents of the advertisement differed from the contents of the policy. The advertisement failed to delineate the specific conditions under which benefits were recoverable. Specifically, the advertisement failed to define "loss of limb." Mrs. Redwine testified that she would not have bought the policy had she known the limitations on the coverage.

At the close of Redwine's case, the trial court granted AAA Life's request for affirmative relief declaring that Redwine's injuries were not covered by the insurance policy and granted AAA Life's motion for directed verdict on Redwine's claim for breach of the duty of good faith and fair dealing. At the close of all the evidence, the trial court submitted instructions which advised the jury that these two issues had been resolved in AAA Life's favor. The jury found in favor of AAA Life on the remaining causes of action and awarded AAA Life $145,000 for attorney's fees. Redwine filed a motion to disregard the jury's findings on the question of attorney's fees. The trial court granted her motion and entered a final judgment for AAA Life but denied recovery of attorney's fees to AAA Life. This appeal follows.

### COMMENTS ON WEIGHT OF EVIDENCE

In her sole point of error, Redwine contends that the trial court erred in submitting instructions that Redwine's injuries were not covered by the insurance policy and that AAA Life was not liable for breach of the duty of good faith and fair dealing. The court instructed the jury as follows:

You are hereby instructed that AAA Life Insurance Company did not breach its fiduciary duty of good faith and fair dealing, or otherwise act in bad faith, by denying Deanne Redwine's claim under the 365 Travel Accident Policy.

You are hereby instructed that Deanne Redwine's claim pursuant to the injuries received were not covered by the 365 Travel Accident Policy.

Redwine contends that these instructions constituted impermissible comments on the weight of the evidence that were calculated to cause and probably did cause the rendition of an improper judgment. We agree and sustain this point of error.

### Preservation of Error

■ AAA Life contends that Redwine failed to properly preserve error for appellate review, alleging that her objections to the jury instructions were too general. To preserve a complaint for appellate review, a party must present to the trial court a timely objection, stating the specific grounds for the ruling he desires the court to make if the specific grounds are not apparent from the context. TEX.R.APP.P. 52(a). It is insufficient to object to a jury charge by stating that the instruction constitutes a comment on the weight of the evidence. *Baker Material Handling Corp. v. Cummings*, 692 S.W.2d 142, 145 (Tex.App.—Dallas 1985, writ dism'd by agr.). Moreover, it is insufficient to state that the objectionable elements of a charge may confuse the jury. *Castleberry v. Branscum*, 721 S.W.2d 270, 276–77 (Tex. 1986).

■ Redwine, however, made the following more specific objections: "such instruction[s] [are] unlawful comment[s] on the weight of the evidence, and ... the Jury could reasonably conclude, therefore, from th[ese] comment[s], that the rest of the allegations contained therein would also be a part of th[ese]—would be included in th[ese] instruction[s]." "Because [they are] unlawful comment[s] on the weight of the evidence, [they] could lead to a confusion of the Jury in answering the liability issues" presented by the remaining causes

of action. We conclude that this objection was specific enough to preserve Redwine's complaint for appellate review.

### Applicable Law

The trial court has considerable discretion in framing a jury charge. *Barham v. Turner Constr. Co.*, 803 S.W.2d 731, 735 (Tex.App.—Dallas 1990, writ denied). In determining whether there has been an abuse of discretion, this Court may not substitute its judgment for that of the trial court but must determine only whether the trial court's action was arbitrary or unreasonable. *Id.*

In framing a jury charge, the trial court must submit such explanatory instructions and definitions as will aid and assist the jury in answering the jury questions submitted. Tex.R.Civ.P. 277; *First Nat'l Bank v. Jarnigan*, 794 S.W.2d 54, 61 (Tex.App.—Amarillo 1990, writ denied). Anything that does not aid the jury in answering the jury questions submitted, regardless of how interesting or otherwise relevant to the case, must be excluded from the charge. *Jarnigan*, 794 S.W.2d at 61.

In its charge, the trial court may not comment on the evidence or the weight thereof in any manner. Tex.R.Civ.P. 277. An impermissible comment on the weight of the evidence occurs when, after examining the entire charge, it is determined that the judge assumed the truth of a material controverted fact or exaggerated, minimized, or withdrew some pertinent evidence from the jury's consideration. *Jarnigan*, 794 S.W.2d at 61; *American Bankers Ins. Co. v. Caruth*, 786 S.W.2d 427, 434 (Tex.App.—Dallas 1990, no writ); *Lively Exploration Co. v. Valero Transmission Co.*, 751 S.W.2d 649, 653 (Tex.App.—San Antonio 1988, writ denied), *appeal dismissed*, 493 U.S. 1065, 110 S.Ct. 1104, 107 L.Ed.2d 1013 (1990). An instruction also will be held to be an improper comment on the weight of the evidence if it suggests to the jury the trial judge's opinion concerning the matter about which the jury is asked. *Ferguson v. DRG/Colony N., Ltd.*, 764 S.W.2d 874, 886 (Tex.App.—Austin 1989, writ denied). Reversal is required if an improper comment on the weight of the evidence is one that was calculated to cause and probably did cause the rendition of an improper judgment. *Id.* A court may incidentally comment on the weight of the evidence, however, where the comment is properly a part of an instruction or definition. Tex.R.Civ.P. 277.

In several instances the courts have found that charging the jury on issues decided as a matter of law constituted an unlawful comment on the weight of the evidence. The leading decision is *Board of Regents v. Denton Construction Co.*, 652 S.W.2d 588 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.). *Board of Regents* arose out of two construction contracts for the renovation and construction of several buildings at North Texas State University. At the conclusion of all of the evidence, the trial court rendered judgment as a matter of law on two elements of damages sued for by both parties. *Id.* at 594. In the court's charge, the court instructed the jury on the partial instructed verdict entered in favor of the appellee contractor. *Id.* The court of appeals concluded that such instructions constituted impermissible comments on the weight of the evidence calculated to prejudice the rights of the appellants in the eyes of the jury. *Id.* The court of appeals explained as follows:

> We are at a loss to determine why this instruction was included in the charge. It was not an instruction, so far as we can see, designed to be helpful or instructive to the jury in answering any of the special issues in the court's charge.... [T]his instruction was not explanatory of anything, except that the court had ruled as a matter of law that appellee was entitled to prevail on the questions of the air conditioning screens and liquidated damages.... We think this tended to imply to the jury that the court thought the law and the facts were with the appellee, and as such, the instruction was erroneously prejudicial.

*Id.* at 594–95.

In *Mader v. Aetna Casualty and Surety Co.*, 683 S.W.2d 731 (Tex.App.—Corpus

Christi 1984, no writ), the trial court submitted an instruction that informed the jury that, as a matter of law, one of the plaintiffs was not a consumer within the meaning of DTPA. *Id.* at 733. This instruction was given in connection with the bad faith and harassment issue that was submitted as to this plaintiff. *Id.* The court of appeals agreed that the instruction was an improper comment on the weight of the evidence:

> The trial court, in effect, informed the jury on a finding which it had made as a matter of law. This was error. [Citing *Board of Regents* ]. This instruction informed the jury to the effect that the trial court looked with favor on the appellees' case, at least in part. By informing the jury that it found that Robert Mader was not a consumer, we believe that the instruction strongly suggested to the jury that they should answer the accompanying issue accordingly.... We can see no useful purpose for the instruction other than to steer the jury toward an affirmative finding on those issues [of bad faith and harassment]. As such, we find that the instruction was an impermissible comment on the evidence; it announced an opinion on behalf of the trial court as to the ultimate facts that were to be inquired about.

*Id.* at 733.

*American Bankers Insurance Co. v. Caruth,* 786 S.W.2d 427 (Tex.App.—Dallas 1990, no writ), arose out of an equine mortality insurance policy. When the insured horse died of a covered peril, the owners made demand for payment on the insurance company. *Id.* at 429. The insurance company filed suit, seeking a declaratory judgment to determine the actual value of the horse. *Id.* The owners counterclaimed, asserting various causes of action. *Id.* The insurance company repeatedly failed to comply with discovery requests. *Id.* at 429–30. The trial court, as a sanction, struck the insurance company's pleadings. *Id.* at 430. The trial court then entered a default judgment on liability and liquidated damages. *Id.* At the jury trial to determine unliquidated damages, the court charged the jury on thirty-six "find-

ings of fact" which included the facts leading up to the lawsuit; the court's conclusion that the insurance company breach its implied warranty of fitness, breached its duty of good faith and fair dealing, and engaged in unfair insurance practices; and the court's conclusion that the owner suffered actual damages in the amount of $150,000 as a direct result of the insurance company's "misrepresentations, deceptive trade practices, acts, omissions, and conduct." *Id.* at 431–34. This Court concluded that these "findings of fact" constituted impermissible comments on the weight of the evidence:

> We hold that the findings of fact were unnecessary and impermissible comments on the weight of the evidence which were calculated to prejudice the rights of American Bankers in the eyes of the jury. The findings of fact were not designed to be helpful to the jury in answering any of the questions in the court's charge, and ... the findings of fact were not instructive to the jury in answering any of the questions in the charge. Consequently, we conclude that the trial court's comments tended to imply to the jury that the trial judge thought the law and the facts were in favor of Caruth and MJC and that they should be compensated commensurately.

*Id.* at 435; *see also Jarnigan,* 794 S.W.2d at 61–63; *American Petrofina, Inc. v. PPG Indus., Inc.,* 679 S.W.2d 740, 756–57 (Tex.App.—Fort Worth 1984, writ dism'd by agr.).

### Application of Law to Facts

█ Redwine contends that the instructions submitted to the jury concerning the issues decided as matters of law—that Redwine's injuries were not covered by the insurance policy and that AAA Life was not liable for breach of the duty of good faith and fair dealing—were improper comments on the weight of the evidence, citing *Board of Regents, Mader, Caruth,* and the other cases. She argues that the instructions were in no way designed to be helpful or instructive to the jury in answering any of the questions submitted concerning the

remaining issues. She contends that the instructions tended only to imply to the jury that the court thought that the law and the facts favored AAA Life.

AAA Life initially contends that the jury instructions were not "comments on the weight of the evidence," as that term has been defined by the courts, because they did not refer to controverted issues. AAA Life cites those cases which stand for the proposition that an impermissible comment on the weight of the evidence occurs when the judge assumes the truth of a *material controverted fact* or exaggerates, minimizes, or withdraws some pertinent evidence from the jury's consideration. *Jarnigan,* 794 S.W.2d at 61; *Caruth,* 786 S.W.2d at 434; *Lively Exploration Co.,* 751 S.W.2d at 653. As a corollary, the courts generally hold that if the trial court assumes an uncontroverted fact in charging the jury, such is not held to be a comment on the weight of the evidence. *McDaniel v. Tucker,* 520 S.W.2d 543, 548 (Tex.Civ.App.—Corpus Christi 1975, no writ).

■ Although the assumption of an uncontroverted fact in the jury charge is generally not held to be a comment on the weight of the evidence, we cannot conclude that the instructions given in the instant case concerning issues decided as a matter of law—and therefore inherently uncontroverted—were not comments on the weight of the evidence. In each of the cases cited above, *Board of Regents,* 652 S.W.2d 588; *Mader,* 683 S.W.2d 731; *Jarnigan,* 794 S.W.2d 54; *Caruth,* 786 S.W.2d 427; and *American Petrofina,* 679 S.W.2d 740, the courts held that jury instructions concerning issues decided as a matter of law were improper comments on the weight of the evidence because they suggested to the jury how the remaining issues should be resolved. Moreover, we note that the courts have also more broadly defined "comments on the weight of the evidence" to include instructions that suggest to the jury the trial judge's opinion concerning the matter about which the jury was asked. *See Ferguson,* 764 S.W.2d at 886. Jury instructions concerning issues decided as a matter of law, and therefore inherently uncontroverted, can be improper comments on the weight of the evidence.

In the alternative, AAA Life asserts that the trial court did not err in instructing the jury on the issues decided as a matter of law because the instructions were incidental comments required to clarify issues for the jury. AAA Life points out that the jury heard evidence regarding the scope of the policy coverage both before and after the directed verdict. AAA Life contends that the complained-of instructions indicated to the jury that, notwithstanding this evidence, there was no issue for the jury to decide regarding coverage under the policy.

After reviewing the record, we cannot conclude that the complained-of jury instructions were necessary to clarify issues for the jury. Although testimony was admitted throughout the trial as to the scope of coverage under the policy, such testimony was always in the context of the misleading nature of the advertisement, an issue that was still before the jury. The instructions were not helpful to the jury in answering any of the questions in the charge.

We hold that the complained-of jury instructions constituted comments on the weight of the evidence. Redwine's original petition and four amended petitions were introduced into evidence and given to the jury during deliberations. In several of these petitions, Redwine alleged causes of action for breach of contract and breach of the duty of good faith and fair dealing. The trial court's instructions to the jury that Redwine's injuries were not covered by the 365 policy and that AAA Life did not breach its fiduciary duty of good faith and fair dealing by denying Redwine's claim under the 365 policy were necessarily comments on the weight of the evidence. The instructions suggested to the jurors that the trial court viewed AAA Life's case favorably and that they should resolve the remaining causes of action in AAA Life's favor as well.

■ To warrant reversal, the comments must be ones that were reasonably calculated to cause, and probably did cause, the

rendition of an improper judgment. *See* TEX.R.APP.P. 81(b)(1). We conclude that the judgment itself reflects that the instructions were erroneously prejudicial. *Caruth,* 786 S.W.2d at 435. We sustain appellant's point of error.

### ATTORNEY FEES

 In a cross-point, AAA Life contends that the trial court erred in failing to award it attorney fees. AAA Life bases its right to recover attorney fees on its counterclaim for declaratory judgment. The Texas Declaratory Judgment Act provides that a court may award reasonable and necessary attorney fees as are just and equitable. TEX.CIV.PRAC. & REM.CODE ANN. § 37.009 (Vernon 1986). The award or denial of attorney fees is within the sound discretion of the trial court. *Oake v. Collin County,* 692 S.W.2d 454, 455 (Tex. 1985). The Declaratory Judgment Act is not available, however, to settle disputes already pending before a court. *John Chezik Buick Co. v. Friendly Chevrolet Co.,* 749 S.W.2d 591, 594 (Tex.App.—Dallas 1988, writ denied). For example, a counterclaim brought under the Declaratory Judgment Act presenting no new controversies but brought solely to pave an avenue to attorney fees is improper. *Id.* at 594–95.

AAA Life counterclaimed for declaratory judgment that Redwine's injuries were not covered by the 365 policy. This controversy was already before the court, however, as Redwine had sought relief under the policy. Consequently, AAA Life was not entitled to attorney fees under the Declaratory Judgment Act. The trial court properly denied AAA Life's request for attorney fees.

### CONCLUSION

The judgment of the trial court is affirmed in part and reversed in part. The portion of the judgment in favor of AAA Life Insurance Company with respect to Redwine's claims for breach of contract and breach of the duty of good faith and fair dealing is affirmed, and the judgment denying AAA Life Insurance Company's request for attorney fees is affirmed. In all other respects, the judgment of the trial court is reversed, and this cause is remanded to the trial court for a new trial.