STATE FARM FIRE & CASUALTY COMPANY, Appellant,

v.

GUARANTY FEDERAL SAVINGS BANK, N.A., Appellee.

No. 03–95–00066–CV.

Court of Appeals of Texas, Austin.

Feb. 7, 1996.

Rehearing Overruled March 13, 1996.

Jeff Glass, Skelton & Woody, Austin, for appellant.

Douglas W. Alexander, Brown McCarroll & Oaks Hartline, Austin, for appellee.

Before POWERS, ABOUSSIE and KIDD, JJ.

POWERS, Justice.

State Farm Fire & Casualty Company appeals from an adverse money judgment in a suit brought by Guaranty Federal Savings Bank, N.A. We will affirm the trial-court judgment.

## THE CONTROVERSY

State Farm insured a home on which Guaranty held a mortgage. The home was damaged by fire. State Farm denied liability on the owners' claim. The insurance contract contained a "mortgage clause" that obligated State Farm to pay Guaranty even though the company denied liability to the owners. The clause provided that State Farm might discharge its liability to Guaranty by paying Guaranty either (1) the amount of the loss, in which event State Farm would be subrogated to Guaranty's rights of recovery, *or* (2) the amount of the mortgage debt owing to Guaranty, in which event State Farm might require an assignment of the debt and mortgage.[1]

---

1. The jury determined after trial that the amount of the mortgage debt was $221,667.99 and that the amount of the loss was $96,700.00, the latter representing the cost of repairing the home. These sums are not assailed on appeal.

Guaranty sued State Farm on an action for breach of contract, alleging that State Farm defaulted on its payment obligation under the mortgage clause and requesting additional damages as authorized by the Insurance Code in cases where an insurer fails "to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim" after its liability had become reasonably clear. *See* Tex.Ins.Code Ann. art. 21.21, §§ 4(10)(iii), 16 (West Supp.1996).

Guaranty moved before trial for partial summary judgment on its breach-of-contract action, averring that State Farm failed as a matter of law to discharge its payment obligation because the undisputed evidence showed: (1) State Farm had elected to pay the amount of the mortgage debt but had never done so; and (2) State Farm had never made a legally effective tender of the amount of the loss. Finding that State Farm had elected to pay the mortgage debt and had failed to do so, the trial judge sustained Guaranty's motion for partial summary judgment on its breach-of-contract claim. The parties tried before the jury the amount of the mortgage debt, the amount of the loss, and issues of liability under article 21.21 of the Insurance Code.[2] On the verdict and the partial summary judgment, the trial judge rendered judgment for Guaranty in the amount of the mortgage debt ($221,667.99) as "actual damages" together with additional damages ($443,335.98) under article 21.21, attorneys fees ($170,000.00), costs of court, and post-judgment interest. State Farm appeals to this Court.

## THE PARTIAL SUMMARY JUDGMENT

The partial summary judgment grants Guaranty judgment as a matter of law and states that the trial judge "finds that considering the summary judgment evidence, State Farm exercised its option to pay off the mortgage debt and require an assignment

thereof and of the mortgage." State Farm's first point of error attacks only this aspect of the judgment, stating the trial judge "erred in granting Guaranty's Motion for Partial Summary Judgment holding that State Farm exercised its option to pay the mortgage debt rather than the loss." In subpoints under its first point of error, State Farm summarizes its argument: "[W]hether State Farm intended to elect to pay the full mortgage" and whether the company was "bound by its alleged election" depend upon issues of fact that are disputed in the summary judgment record. The point is therefore a complaint that the summary judgment is erroneous on a specific ground and not upon general grounds. *See Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). We will confine accordingly our discussion of the first point of error.

■ Summary judgment is proper if the movant establishes there are no genuine issues of *material* fact and that the movant is entitled to judgment as a matter of law. Tex.R.Civ.P. 166a(c); *Wornick Co v. Casas,* 856 S.W.2d 732, 733 (Tex.1993). The rule applies alike to plaintiffs and defendants. *Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). Given the specificity of State Farm's point of error, we may not, therefore, reverse the judgment below unless the specified fact issues are material.

■ There is no doubt that the mortgage clause gave State Farm the right to elect to pay either the amount of the mortgage debt or the amount of the loss. Assuming there is a dispute in the record about whether State Farm elected to pay the amount of the mortgage debt, or even assuming the record is conclusive that State Farm never elected to pay that sum, it is absolutely undisputed that State Farm has never *paid* either of the alternative sums so as to discharge its contractual duty to pay one sum or the other within a reasonable time.[3] The

---

2. The jury found State Farm knowingly engaged in an unfair or deceptive act or practice in not attempting in good faith to effectuate a prompt, fair, and equitable settlement of a claim after liability had become reasonably clear, or had omitted to state a material fact necessary to make any statements not misleading.

3. In some jurisdictions, the right of election passes to the promisee when a promisor fails to perform either of the alternative obligations he has undertaken. In other jurisdictions, it is held that the defaulting promisor is charged with a breach of the alternative that results in the smallest recovery. *See* 17A Am.Jur.2d *Contracts* § 619, at 629 (1991); 17A C.J.S. *Contracts* § 455,

mortgage clause did not give State Farm an election to pay nothing. An election to pay one sum or the other is not payment. Even the tender of an elected amount does not discharge a contractual duty to pay unless the tender is accepted, and it is undisputed that Guaranty has never accepted any tender made by State Farm. *See* 74 Am.Jur.2d *Tender* § 37 (1974). A valid or legally effective tender, even though not accepted, will only discharge the obligated party's liability for any sums deemed "accessorial or incidental" to the principal amount. *See id.* § 35. No issue is raised in the present appeal concerning those sums.

We hold, therefore, that the fact issues urged by State Farm in its first point of error are immaterial and that the trial court did not err in concluding as a matter of law that State Farm breached its contract. We overrule State Farm's first point of error.

## REMAINING POINTS OF ERROR

Before discussing State Farm's remaining points of error, we point out they can apply only to Guaranty's claim for additional damages under Article 21.21 of the Insurance Code on a theory that State Farm did not "attempt in good faith to effectuate a prompt, fair, and equitable settlement of" Guaranty's claim after State Farm's liability "had become reasonably clear." The issues material to this statutory cause of action were tried to the jury.

In points of error two, three, and four, State Farm complains the trial judge erred in excluding certain evidence and in giving a limiting instruction that stated the law improperly. The excluded evidence, according to State Farm, showed the following: (1) the parties agreed in the Fall of 1988 to settle for the amount of the loss ($96,700); (2) Guaranty never claimed that sum was insufficient; (3) State Farm was uncertain about which corporate entity owned the mortgagee's interest; (4) in attempting to settle the dispute in January 1990, State Farm issued a draft for $96,700, payable to the Shaws, their attorney, and Guaranty; and (5) State Farm elected to pay the amount of the loss instead of the amount of the mortgage debt.

 If we assume the excluded evidence was material and the trial judge erred in excluding it, we may not reverse the judgment unless the error probably caused, in the circumstances, rendition of an improper judgment. *See Boothe v. Hausler*, 766 S.W.2d 788, 789 (Tex.1989). We do not believe we may draw that conclusion because the excluded evidence does nothing to explain the two-year gap between January 1990 and December 30, 1992, the date Guaranty filed the present suit. Article 21.21 requires a *prompt* attempt to settle claims as well as a fair and equitable attempt. So far as the record indicates, there was never a prompt attempt to settle except State Farm's attempt to settle on a condition it lacked authority to impose, if it be considered prompt.[4]

---

at 573–75 (1963). In the present case, the first theory would allow Guaranty to elect the amount of the mortgage debt; the second theory would restrict Guaranty's damages to the amount of the loss. The damages awarded in the final judgment, in the present case, are not challenged on appeal on the ground that the trial court applied the wrong measure of damages. We need not, therefore, consider which measure of damages applies in Texas.

4. The record shows that State Farm tendered Guaranty a bank draft in the amount of the loss. The tender was conditioned upon Guaranty's execution and return of several documents that accompanied the draft. These documents required Guaranty to do the following: (1) assign State Farm fifty-four percent of Guaranty's ownership interest in the mortgage and all related rights and interests; (2) indemnify and hold State Farm harmless on any matter arising out of

or related to the property loss; (3) administer the mortgage for the mutual benefit of Guaranty and State Farm; (4) warrant that the transactions proposed in the documents did not violate any law, rule, order, judgment, or "writ"; (5) take no action respecting the mortgage without State Farm's consent; and (6) indemnify and hold State Farm harmless with respect to any matter arising out of the transaction. Guaranty declined the tender.

Nothing in the insurance contract authorized State Farm to tender payment of any sum conditioned upon Guaranty's consenting to an enlargement of State Farm's rights under the mortgage clause and the creation of new and independent obligations on Guaranty's part. This was, however, the result required by the various documents and conditions imposed by State Farm on its tender. Such a tender could have no legal effect. *See* 17A C.J.S. *Contracts* §§ 485–86 (1963).

In point of error five, State Farm complains the trial judge erred in excluding evidence tending to show that Guaranty failed to mitigate its damages because it delayed unreasonably in foreclosing its mortgage lien on the Shaw property. We do not believe the evidence permits the inference State Farm attributes to it. We hold there was no error in excluding the evidence and for want of such evidence the trial judge did not err in refusing to instruct the jury concerning Guaranty's duty to mitigate its damages.

■ In point of error two, State Farm also complains the trial judge erred in giving the jury an instruction that stated the law improperly. The instruction advised the jury they might consider evidence of settlement only for the limited purpose of determining "whether State Farm attempted in good faith to effectuate a prompt, fair and equitable settlement *of its election to pay off the mortgage debt.*" (Emphasis added.) The instruction resulted, of course, from the finding stated by the trial judge in the partial summary judgment. If there was error in the instruction given, we believe it was harmless. It is undisputed that State Farm has never paid any sum under the mortgage clause. We do not see how the instruction could have affected the jury one way or another on the remaining issues concerning State Farm's attempt in good faith to effectuate a prompt, fair, and equitable settlement.

■ In point of error six, State Farm complains the trial judge erred in overruling State Farm's objection to improper jury argument by Guaranty's counsel. In argument, counsel referred to State Farm's failure to call a witness after the trial judge had ruled that witness's testimony inadmissible. The testimony held inadmissible pertained to State Farm's legally ineffective tender of $96,700 mentioned above. So far as we are able to tell, the testimony referred to a legally irrelevant matter—the election made by State Farm. While the comment may have suggested that State Farm was withholding evidence, we cannot see that that implication affected adversely State Farm's position relative to the facts that *Guaranty* was obliged to show in order to obtain a finding that State Farm had not made a good faith attempt to settle the claim promptly, fairly, and equitably. These were the facts the jury were required to adjudge. We hold any error harmless. *See Bexar County Appraisal Review Bd. v. First Baptist Church,* 846 S.W.2d 554, 563–64 (Tex.App.—San Antonio 1993, writ denied).

In point of error seven, State Farm complains the trial judge erred in instructing the jury that she had decided before trial that State Farm had made an election to pay the mortgage debt—the basis upon which the trial judge grounded her partial summary judgment. State Farm complains this was a comment on the weight of the evidence, cast State Farm in an unfavorable light, and evidenced bias on the part of the trial judge. For the reasons mentioned in the preceding paragraph, we hold any error harmless. *See Redwine v. AAA Life Ins. Co.,* 852 S.W.2d 10, 16 (Tex.App.—Dallas 1993, no writ).

In point of error eight, State Farm complains the trial judge erred (1) by trebling damages automatically in calculating Guaranty's award under Article 21.21 of the Insurance Code and (2) by failing to submit a separate jury question asking the jury whether State Farm knowingly violated the Code, and thereby deprived State Farm of property without due process of law. We reject both contentions for the reasons given in *State Farm Fire & Casualty Co. v. Price,* 845 S.W.2d 427, 440 (Tex.App.—Amarillo 1992, writ dism'd), and *State Farm Fire & Casualty Co. v. Gros,* 818 S.W.2d 908, 917 (Tex.App.—Austin 1991, no writ).

Finding no reversible error, we overrule State Farm's points of error and affirm the judgment below.