**Opinion issued March 10, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-00921-CV

———————————

### IN RE COMMITMENT OF DENNIS RAY STUTEVILLE

---

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Court Case No. 12-12-13060-CV

---

## CONCURRING OPINION

I join the majority opinion, but write separately to emphasize that the trial court erred in (1) directing a verdict in favor of the State on the issue of whether appellant, Dennis Ray Stuteville, is a "repeat sexually violent offender"[1] and (2) making improper comments to the venire panel during voir dire. Moreover, but for

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 841.003(a)(1) (Vernon Supp. 2014).

the fact that we are bound by the erroneous precedent of the Beaumont Court of Appeals in deciding the issue of the trial court's error in directing a verdict that appellant is in fact a "repeat sexually violent offender," appellant would be entitled to a new trial.

## Right to Trial by Jury

In his sixth issue, appellant argues that the trial court erred in granting the State a directed verdict on the issue of whether he is a repeat sexually violent offender because he was entitled to a jury trial upon his timely demand, the State had the burden to prove that he is a sexually violent predator "beyond a reasonable doubt," and a jury's finding that a person is a sexually violent predator must be unanimous. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 841.061(b), 841.062(a), (b) (Vernon 2010).

Appellant correctly notes that the Sexually Violent Predator ("SVP") Act expressly provides that either the State or a person accused of being a sexually violent predator is "entitled to a jury trial on demand." *Id*. § 841.061(b). The SVP Act also specifically states that the pertinent fact-finder "shall determine whether, *beyond a reasonable doubt*, the person is a sexually violent predator." *Id*. § 841.062(a) (emphasis added). And it further provides that a "jury determination that the person is a sexually violent predator must be by unanimous verdict." *Id*. § 841.062(b).

Regardless, the Beaumont Court of Appeals has, as noted in our majority opinion, held that the same trial court did not err in directing a verdict in another SVP Act civil-commitment case. *See In re Commitment of Lemmons*, No. 09–13–00346–CV, 2014 WL 1400671, at \*3 (Tex. App.—Beaumont Apr. 10, 2014, no pet.) (mem. op.). The court did not "perceive" a "conflict between [section 841.062(a) of] the SVP statute and the Rules of Civil Procedure that precludes the granting of a directed verdict in a jury trial when no evidence of probative value raises an issue of material fact on the question presented." *Id*. However, this reasoning ignores the well-established meaning of the plain language of the SVP Act, which controls over our rules of civil procedure. *See* TEX. HEALTH & SAFETY CODE ANN. § 841.146 (b) (Vernon 2010).

The SVP Act provides, in no uncertain terms, that a person accused of being a sexually violent predator has a statutory right to a jury trial. Appellant was "entitled to a jury trial" upon his timely "demand," and he had the right to have the jury determine, "*beyond a reasonable doubt*" that he is a sexually violent predator. *Id*. §§ 841.061(b), 841.062(a) (emphasis added). And such a determination "must be by unanimous verdict." *Id*. § 841.062(b).

Although the SVP Act concerns "civil" commitments, the Texas Legislature, in crafting the statute, invoked well-established and understood constitutional and criminal-law principles. Given the grave consequences at stake in SVP Act

civil-commitment proceedings, it is readily apparent that the legislature chose its words carefully, and no court is free to ignore the plain meaning of these words. *Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 562 (Tex. 2014) ("We must enforce the statute 'as written' and 'refrain from rewriting text that lawmakers chose.'"). By directing the jury to find in favor of the State, the trial court usurped the fact-finding authority that the legislature has clearly assigned solely to the jury in SVP Act civil-commitment proceedings. It, thus, violated appellant's statutory right to a trial by jury.

As noted by Justice Scalia, the right to a jury trial "embodies 'a profound judgment about the way in which law should be enforced and justice administered.'" *Carella v. California*, 491 U.S. 263, 268, 109 S. Ct. 2419, 2422 (1989) (Scalia, J., concurring) (quoting *Duncan v. Louisiana*, 391 U.S. 145, 155, 88 S. Ct. 1444, 1450 (1968)). He explained:

> It is a structural guarantee that "reflect[s] a fundamental decision about the exercise of official power—*a reluctance to entrust plenary powers over the life and liberty of the citizen to one judge or to a group of judges*." A defendant may assuredly insist upon observance of this guarantee *even when the evidence against him is so overwhelming as to establish guilt beyond a reasonable doubt*. That is why the Court has found it constitutionally impermissible for a judge to direct a verdict for the State.

*Id*. at 268, 109 S. Ct. at 2422 (quoting *Duncan*, 391 U.S. at 155, 88 S. Ct. at 1450) (emphasis added) (citation omitted). And because "with a directed verdict, 'the

4

error . . . is that the wrong entity judged'" the facts, the error cannot be harmless. *Id*. (quoting *Rose v. Clark*, 478 U.S. 570, 578, 106 S. Ct. 3101, 3106 (1986)).

Respectfully, the Beaumont Court of Appeals, in concluding otherwise seriously erred in *Lemmons*. However, as we note in our majority opinion, because this case was transferred to us for decision, we are bound by the holding in *Lemmons*, no matter how wrong it may be. *See* TEX. R. APP. P. 41.3. Because the error of the Beaumont Court of Appeals is of such importance to Texas jurisprudence that it requires correction, it should be reviewed by our high court. *See* TEX. GOV'T CODE ANN. § 22.001(a)(6) (Vernon 2004).

### Improper Comments

In his seventh issue, appellant argues that certain remarks made by the trial judge to the venire panel constituted improper comments on the weight of the evidence because they directed the jury's attention to the then-upcoming testimony of the State's expert and served to "bolster" and "vouch[] for its credibility and reliability."

Quoting this Court, the Texas Supreme Court has made it quite clear that our "'statutes, court-made rules, and judicial decisions emphatically and repeatedly prohibit Texas judges from commenting on the weight of the evidence.'" *In re M.S.*, 115 S.W.3d 534, 538 (Tex. 2003) (quoting *In re T.T. & K.T.*, 39 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). It explained that comments

5

on the weight of the evidence "take many forms," and it has "specifically prohibit[ed] judicial comments that 'indicate the opinion of the trial judge as to the verity or accuracy of the facts in inquiry.'" *Id.* (quoting *McDonald Transit, Inc. v Moore*, 565 S.W.2d 43, 45 (Tex. 1978)). Moreover, a trial judge makes an impermissible comment on the weight of the evidence when he assumes the truth of a material controverted fact or exaggerates, minimizes, or withdraws some pertinent evidence from a jury's consideration. *Redwine v. AAA Life Ins. Co.*, 852 S.W.2d 10, 14 (Tex. App.—Dallas 1993, no writ). He also makes an improper comment on the weight of the evidence by suggesting to the jury his opinion about the evidence. *Id.* And reversal is required if an improper comment on the weight of the evidence is one that was calculated to cause and probably did cause the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1).

Here, after explaining to the venire panel that it would be deciding a civil commitment, the trial judge informed it that he was the "only Judge in the state of Texas" that presides over this "very serious" type of case. He then stated:

> . . . the State [is] saying that a Respondent is a sexually violent predator and the Respondent is saying: No, I'm not. That's essentially what's in my file. But oftentimes, *having tried this case many, many times*, we talk about issues of pedophilia, we talk about issues of homosexuality, we talk about issues of incest. Okay? And I want to make sure that—and I'll tell you, especially the issue of pedophilia— just trying to put a little sugar here on this case for you—if you're fortunate enough to make the jury, you know, everything that a person knows about sexual offenses, unless you have some training in this area, is something you were told by somebody or something you

6

probably read in a magazine or on the Internet.  And we all know the Internet is never wrong.  Right?  *If you're lucky enough to get to serve on this jury you can expect to hear from at least one doctor explaining to you about these issues and explaining to you what these issues mean.  I'm not sure if any of these issues are coming up in this trial.  But if you're lucky enough to make it on the jury it's an educational experience for you. You don't get any college credit for it, but you do become a little smarter, hopefully, through this whole process.*

(Emphasis added.)

By telling the members of the venire panel that if they were lucky enough to serve on the jury, they could expect "to hear from at least one doctor" explaining the issues to it and obtain an "educational experience," the trial judge stated his positive opinion about the weight and value of the State's expert testimony.  And the testimony of the State's expert was critical to proving its case.  In effect, the trial judge put his thumb on the scale of justice.  And his comment was improper.  *See In re M.S.*, 115 S.W.3d at 538.  However, because appellant did not object to the improper comment and has not demonstrated that the comment was incurable, I agree with the majority that his seventh issue should be overruled.  *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

Unfortunately, it must be pointed out that this is not the first time that the trial judge has made such an improper comment on the weight of the evidence in an SVP Act civil commitment case.  *See In re Commitment of Mailhot*, No. 09-13-00270-CV, 2015 WL 182699, at *1–2 (Tex. App.—Beaumont Jan. 15, 2015, no pet.) (mem. op.).  In *Mailhot*, the trial judge made an almost identical comment to

7

the venire panel on the weight of the expert testimony of the State as "a very educational opportunity." *Id*. at *1.  Regardless, appellant, here, did not object to the improper comment and has not demonstrated that the comment was not curable. *See Dow Chem. Co.*, 46 S.W.3d at 241.



Terry Jennings
Justice


Panel consists of Justices Jennings, Massengale, and Lloyd.